141 So. 33

ROY v. SUCCESSION OF VERCHER.

No. 31338.

Feb. 29, 1932.

Rehearing Denied March 30, 1932.

Breazeale & Hughes, of Natchitoches, for appellant.

Rusca & Cunningham, of Natchitoches, for appellee.

ROGERS, J.

This case is a sequel to the case of Vercher v. Roy, reported in 171 La. 524, 131 So. 658.

In 1927, Wood Vercher, as the administrator of the succession of his father Emile H. Vercher, sued Laura Vercher, wife of Levy Roy, a daughter of the decedent, for the recovery of a certificate of deposit for $2,600, payable to the order of Emile H. Vercher, or, in case of his death, to Laura Roy. By way of defense, Mrs. Roy asserted title to the certificate as a manual gift to her by her father; and, in the alternative, sued the administrator for $2,080 for boarding and for $1,000 for nursing her father. Levy Roy, the husband of Laura Roy, intervened and claimed $2,080 for the same board that his wife claimed in her answer. The court below decreed the succession of Emile Vercher to be the owner of the certificate, and ordered Mrs. Roy to deliver it to the administrator, reserving to her whatever claim she might have against the succession, and dismissing, in accordance with his own motion, the intervention of Levy Roy, as in case of nonsuit. On appeal this judgment was affirmed. In the course of our opinion, it was pointed out that no judgment could be rendered in favor of Mrs. Roy on her claim for services rendered the deceased, because, it not appearing that any of her paraphernal funds were expended in rendering the services, compensation therefor, though performed by the wife, was due, if at all, to the matrimonial community, of which the husband is head and master.

The decision of this court became final on December 16, 1930, and on January 5, 1931, the present suit was filed by Levy Roy, as head and master of the matrimonial community, against the administrator of the succession of Emile H. Vercher, to recover $2,080 for boarding and lodging, including washing and sewing, for decedent for eight years, and for $1,144 for nursing decedent for two years, or a total claim of $3,224.

Defendant pleaded by way of exception the prescription of one and three years to plaintiff's demand. The plea was overruled so far as it applied to plaintiff's claim for board and lodging, but was maintained as to so much of plaintiff's claim for nursing as arose more than one year before the death of Emile Vercher. Defendant then answered the suit, and after a trial on the merits, judgment was rendered by the court below in favor of plaintiff for $800, and ordering her placed on the administrator's account as a privileged creditor for the amount of the judgment. The defendant administrator appealed, and the plaintiff answered the appeal, praying that the judgment be amended by increasing the amount thereof from $800 to $2200.

Defendant, in his answer, specially pleaded in bar of plaintiff's demand the provisions of Act No. 11 of 1926. And on the trial of the case on the authority of the same statute defendant objected to the introduction of any parol evidence to prove any liability against the succession of Emile H. Vercher, who died in April, 1927. This objection was overruled on the ground that the statute was inapplicable, because suit was instituted by the wife in community within twelve months after the death of the deceased, remained on appeal in this court for a number of years, and, immediately after the judgment became final therein, this suit for the same debt was instituted

by the husband as head and master of the matrimonial community.

We do not find it necessary to pass on defendant's exception of prescription, since, in our opinion, plaintiff is precluded from any recovery herein by the provisions of Act No. 11 of 1926, which are expressly set up by the defendant as a bar to plaintiff's action.

Section 1 of Act No. 11 of 1926 reads as follows, viz.: "Be it enacted by the Legislature of Louisiana, That parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought more than twelve (12) months after the death of the deceased."

Emile H. Vercher died April 7, 1927, and the suit by the administrator of his succession against Mrs. Laura Roy for the recovery of the certificate of deposit was filed in the district court on May 18, 1927. Levy Roy, the husband of the defendant, plaintiff here, intervened in the suit on June 24, 1927. Judgment was rendered and signed in plaintiff's favor by the district court on July 16, 1927; the judgment also dismissing as of nonsuit the intervention of Levy Roy, on motion of his counsel. The judgment of the district court was affirmed by this court on December 1, 1930, and, in the absence of an application for a rehearing, became final on December 16, 1930, on which day the decree was forwarded to the district court to be made executory. The present suit was filed by Levy Roy on January 5, 1931.

Approximately three years and nine months elapsed between the death of Emile H. Vercher and the institution of this suit.

Hence, under section 1 of Act No. 11 of 1926, which we have quoted in full, plaintiff is prohibited from resorting to parol evidence to prove his claim against the succession, unless he can show some fact or facts taking the claim out of the peremption established by the statute.

Levy Roy was not a party to the suit of the administrator of the succession of Vercher against Laura Roy, his wife. The intervention which he filed in that proceeding was dismissed on his own motion as in case of nonsuit. Mrs. Roy's alternative claim in the suit for compensation for nursing and boarding the decedent, her father, was asserted on her individual and separate account, and not for account of the matrimonial community existing between her and her husband. This court, in deciding against her, found that if any compensation was due by the succession of Vercher for boarding and nursing the decedent, it was due to the matrimonial community, of which the husband is the head and master, and not to the separate estate of the wife.

The reservation in the judgment of the district court, which was affirmed by this court, no amendment of the judgment having been applied for by the administrator, was solely in favor of Mrs. Roy for whatever claim she might have individually against the succession, and not in favor of the matrimonial community. Neither this reservation nor the alternative claim of compensation by the wife in the suit against her for the recovery of the certificate of deposit enured to the benefit of the matrimonial community existing between her and her husband, Levy Roy, plaintiff herein.

Plaintiff contends that Emile H. Vercher, the decedent, intended to pay for the services he had received, and died believing that he had done so. This contention is untenable.

As the basis for his contention, plaintiff refers to the certificate of deposit and to a certain document styled "Last Will and Testament," which apparently was executed by Emile H. Vercher on August 3, 1925. Vercher affixed his mark to the document in the presence of a notary public, but not in the presence of any other witnesses. In this instrument, which is wholly lacking in any of the essential elements required for a valid testament, Vercher undertook to bequeath to his daughter Mrs. Laura Roy all the money and effects he might own at the time of his death, assigning as a reason for the so-called bequest that she had taken care of him for some years, and at the time he was making his home with her. Previously, to wit, on September 23, 1920, Vercher had executed a similar document before the same notary which on March 13, 1923, he had expressly revoked. The certificate of deposit stipulated that in case of the death of Vercher, the depositor, the amount thereof should be paid to Laura Roy.

But it is plain, from a mere reading of the documents, that neither the so-called testament nor the certificate of deposit constitute a written acknowledgment of indebtedness or promise to pay any indebtedness on the part of the decedent, Emile H. Vercher. In neither document does the signer thereof specifically acknowledge or promise to pay to plaintiff, or to his wife, Mrs. Laura Roy, the claim, or any part thereof, which is sought to be enforced in this suit.

For the reasons assigned, the judgment appealed from is annulled, and plaintiff's suit is dismissed at his costs.