[50 So. 14

**Succession of HARRIS (HOWERTON, Interverner).**

No. 31504.

July 7, 1933.

Rehearing Denied Oct. 3, 1933.

Quintero & Ritter, of New Orleans (Robert S. Link, Jr., of New Orleans, of counsel), for appellant Hibernia Bank & Trust Co.

Montgomery & Montgomery, of New Orleans, for appellee Leonard A. Howerton.

LAND, Justice.

Oakley B. Harris died in the city of New Orleans March 11, 1928, and appointed the Hibernia Bank & Trust Company executor of his last will and testament.

On May 23, 1929, Leonard A. Howerton of St. Louis, Mo., intervened in the succession proceedings in the civil district court for the parish of Orleans, and prayed for judgment against decedent's estate in the sum of $2,500 for the price of a diamond and ruby bracelet alleged to have been purchased from intervener by Harris on or about March 15, 1927, and, in the alternative, intervener prayed that the bracelet be returned to him by the estate of Harris.

The executor of decedent, in its answer to the intervention, admitted possession of a bracelet like the one described by intervener in his petition, but denied the purchase by Harris of this bracelet from intervener; and averred that, if it be established that the bracelet in the possession of the estate was purchased by Harris from intervener, then, in that event, defendant pleads payment.

As a further bar to the right of intervener to recover, the executor also set up in its answer the plea that intervener brought this suit more than a year after the death of Harris.

In the lower court, judgment was rendered in favor of intervener, ordering the executor of the estate of Harris to return the bracelet to intervener and to pay all costs.

From this judgment, the executor, on behalf of the estate, has appealed.

In answer to the appeal, intervener alleges that the judgment in his favor is erroneous, and prays that same be set aside, and for judgment for the purchase price of the bracelet in the sum of $2,500.

1. On the trial of the case, intervener endeavored to establish his claim entirely by parol proof, which was objected to by the attorneys representing the executor as incompetent and inadmissible under section 1 of Act No. 11 of 1926, as intervener's suit had been brought more than one year after the death of decedent.

This objection was overruled, and the parol proof tendered by intervener was admitted by the trial judge, on the ground that the objection went rather to the effect than to the admissibility of the evidence.

The objection to the parol proof offered by intervener should have been sustained, and intervener's demand should have been rejected at his cost, since it is provided in section 1 of Act No. 11 of 1926: "That Parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought more than twelve (12) months after the death of the deceased."

It is therefore ordered that the judgment appealed from be annulled and reversed.

It is now ordered that there be judgment in favor of the estate of Oakley B. Harris, herein represented by the Hibernia Bank & Trust Company as executor, rejecting intervener's demand and dismissing his suit at his costs.