## ROY v. Succession of VERCHER.
### No. 4743.

Court of Appeal of Louisiana. Second Circuit.

Feb. 5, 1934.

Phanor Breazeale, of Natchitoches, for appellant.

Rusca & Cunningham, of Natchitoches, for appellee.

TALIAFERRO, Judge.

This appeal was taken by Wood Vercher, administrator of the succession of Emile H. Vercher, deceased, from a judgment of the Tenth district court which sustained the opposition of Mrs. Laura Roy to the administrator's final account. It appears that on May 31, 1932, the final account was approved and homologated as presented. A motion to reopen the case was filed by Mrs. Roy, which was sustained, and, after the second trial, the judgment appealed from was rendered. This second trial was had on November 9, 1932, and judgment was rendered and signed in open court July 31, 1933. Appellant's counsel was not present.

The court a quo is in vacation during the months of August and September of each year. The present appeal was taken by petition filed August 1, 1933. The order of appeal was signed by the district judge the following day. There is no prayer in the petition for the appeal that any one be cited; the order does not so direct, and, consequently, appellee has not been cited or notified of the taking of the appeal. Because of this situation, Mrs. Roy has filed motion in this court to dismiss the appeal. The motion is well founded; the appeal will have to be dismissed. Scrantz v. Sonnier, 2 La. App. 182.

Appeals may be taken by petition or motion in open court. Code Prac. art. 573. Of course, when a court is in vacation no appeal may be taken by motion. Therefore, during the vacation of the court appeals may only be taken by petition to the judge for an order to that effect; and in such cases the appellee must be cited to answer the appeal. It has been held by many decisions that if citation of appeal is prayed for, or ordered by the judge, but appellee has not in fact been notified or cited, that that fact will not work a dismissal of the appeal because the fault is not imputable to appellant. Ten Day Grocer Co. v. Smoot & Co., 7 La. App. 409; Code Prac. arts. 581, 582, 583, 584.

But, as in this case, where no citation of appeal has been prayed for, nor ordered by the court, the fault can only be imputed to appellant, whose appeal, for that reason, in the absence of any citation to appellee, must, on proper motion, be dismissed. This question is considered at length by Judge Claiborne in Comire v. Schiro Amusement Co., 6 La. App., 443. He cites a long line of cases, beginning with our early jurisprudence, in support of the proposition that notwithstanding it is the duty of the clerk of court in all cases of appeal by petition to issue notice of appeal for service on appellee, unless citation of appellee is prayed for or ordered the appeal is subject to dismissal.

We quote, approvingly, the following excerpt from that opinion: "But the great majority of decisions, and the later and better ones, have held that where the law requires citation of appeal, the appellant must pray for it and designate the parties to be cited, or for want of citation the appeal will be dismissed."

The condition of the record in this case is very unsatisfactory. It contains many papers not necessary to an intelligent consideration of the issues involved, while, apparently, documents having a material bearing in the case are omitted. The arrangement of the papers making up the record is not orderly, and such adds, unnecessarily, to our labor in the effort to give the case that attention and consideration it deserves. We call this situation to the attention of the clerk and counsel in the hope that a repetition of it may be averted in the future.

For the reasons herein assigned, the appeal is dismissed, at appellant's cost.