## Succession of VERCHER.

### OPPOSITION OF ROY v. VERCHER.
### No. 4905.

Court of Appeal of Louisiana. Second Circuit. Feb. 5, 1935.

See, also, 152 So. 385.

Blount B. Breazeale, Jr., of Natchitoches, for appellant.

Rusca & Cunningham, of Natchitoches, for appellee.

TALIAFERRO, Judge.

Emile H. Vercher, a resident of Natchitoches parish, died therein in the year 1927, leaving seven children and the issue of two predeceased children as his sole heirs. His estate consisted of a time certificate of deposit for $2,600, issued by a local bank, and some household effects of the alleged value of $93. His succession being duly opened, Wood Vercher, a son, was appointed administrator by the district court of Natchitoches parish. This certificate of deposit was given informally by deceased to his daughter, Mrs. Laura Roy, just prior to his death, and she opposed the efforts of the administrator to have it adjudged as belonging to the succession. The Supreme Court ruled against her contentions (171 La. 524, 131 So. 658), and the certificate was collected by the administrator, and in due course its distribution to the heirs, less court costs, etc., was proposed in final account. This account was opposed by Levy Roy, husband of Mrs. Laura Roy, who asserted a large account against the succession for boarding, nursing, and taking care of the deceased over the long period he lived with them. The Supreme Court rejected this claim against the estate. 174 La. 475, 141 So. 33.

The administrator filed his final account on January 5, 1931. He prayed therein that, " * * * after due proceedings had he be authorized and directed to pay the cost and to distribute the amount thereof to the respective heirs and upon such payment that the same be homologated and made the judgment of this court and the administrator discharged and his bond cancelled."

Notice of the filing of account was given by publication, and in April, 1932, the heirs were served with notice to show cause why it should not be approved and homologated. It was not opposed by any one, and was homologated on May 21, 1932. The administrator was "ordered and directed" by the judgment "to pay the proceeds of said succession to the several heirs and creditors as stated" therein, and, "upon due proof of the payment thereof, the final account be homologated and made final." No reference therein is made to discharging the administrator or canceling his bond. In this account it was proposed to pay the amount due Abram Vercher, an heir, to W. S. Sandifer, Jr., who had seized same by garnishment process issued on a fieri facias. The amount due Mrs. Roy was listed for payment to her, less $67.95, the costs of the suit between her and the administrator over the certificate of deposit, which she was decreed to pay, and less the movable property in her possession, valued at $93, alleged to belong to the succession.

On the day the account was homologated, the administrator settled with all the heirs and the creditors, excepting Mrs. Roy, taking their receipts therefor. Sandifer was paid the amount, which otherwise would have been due Abram Vercher. These receipts are in the record. Mrs. Roy refused to accept the proposed distribution of the succession assets. She filed application on May 26th, requesting the court to reopen "the case" to the end that she may have her day in court, and in the interest of justice. She, alleges that the account does her a grave injustice in these respects, to wit: (1) That she was allotted certain household goods in lieu of money, while all other heirs were paid in money, the goods being an asset of the succession; (2) that she acquired, and is now the owner of, the interest of Abram Vercher in the succession more than one year prior to filing the motion to reopen, by act duly recorded, and it is therefore not subject to seizure for the debts of Vercher; that the attempted seizure of said interest is radically null and void for various and sundry reasons alleged; (3) that she had no notice that the administrator proposed to finally settle the succession and distribute the funds among the heirs; (4) that the account was homologated without having the evidence reduced to writing, as is required by law. She prays that the case be reopened and she be allowed to formally file opposition thereto.

To this motion the administrator interposed a plea of res judicata and exception of no right and no cause of action. The motion to reopen was sustained, and the plea and exception filed by the administrator were overruled. Formal opposition, reiterating the grounds set out in the motion to reopen, was then filed. Incorporated in the opposition is an alternative attack upon the judgment homologating the administrator's final account on several grounds, concluding with the following allegations: "Petitioner is entitled to judgment against the said Wood Vercher annulling and setting aside the said null and void judgment, and for further judgment against him in the sum of $238.87, the amount due petitioner as purchaser of the interest of her co-heir, as aforesaid, the sum of $93.00 in lieu of which he proposed to deliver to petitioner household goods and the further sum of $77.92 admitted by him to be due her in money."

876

On trial thereof, July 31, 1933, judgment was again rendered in the matter; sustaining the alternative contentions of Mrs. Roy in every respect. It is as follows:

"In this case, by reason of the law and the evidence on the trial hereof being in favor of the plaintiff and against the defendant, Wood Vercher, administrator of the succession of Emile H. Vercher;

"It is ordered, adjudged and decreed that the plaintiff, Laura Roy, do have and recover in her favor and against the defendant, Wood Vercher, Administrator, judgment in the sum of $409.79, with interest thereon at the rate of five per cent from judicial demand until paid.

"It is further ordered and decreed that the judgment homologating the final account, in so far as it proposes to pay to W. S. Sandefur, Jr., the sum of $238.87 and to de'iver to her household goods to the amount of $93.00, be annulled and in all other respects said judgment be maintained.

"It is further ordered and decreed that defendant be taxed with all costs."

Notwithstanding the fact that for the administrator to comply with this judgment it would be necessary to recast and rearrange his final account, no reference to such is made, but, on the contrary, the final account, except as affected in the particulars mentioned in the opposition, is reaffirmed. The administrator appealed to this court from this decision. On motion the appeal was dismissed for the reason the appeal had been taken by petition during the lower court's vacation and no notice of appeal had been prayed for or served on the appellee (152 So. 385). The administrator then secured a new order of appeal, under which the record is again before us. Appellee has moved to dismiss the appeal for several assigned reasons.

The fund to be distributed in this succession is in excess of $2,000. Section 10 of article 7 of the Constitution provides that the Supreme Court shall have "appellate jurisdiction in civil suits where the amount in dispute or the fund to be distributed, irrespective of the amount therein claimed," shall exceed $2,000. We are clear in the opinion that this court has no jurisdiction. We are constrained to take notice of this lack of jurisdiction ex proprio motu Sennette v. Police Jury of St. Mary's Parish, 129 La. 728, 56 So. 653. We do not think that, even assuming the administrator made premature settlement with the heirs and creditors listed on the account, the situation is altered from what it was before this was done. If the judgment appealed from is affirmed, certainly the account will have to be recast to meet its requirements and a redistribution of the succession funds had. Receivership Sheets Lumber Company, Ltd., 104 La. 771, 29 So. 328; Succession of Bothick, 110 La. 109, 34 So. 163; State ex rel. Bellamore et al. v. Rombotis et al., 120 La. 150, 45 So. 43; Brown v. Green, 132 La. 1090, 62 So. 154; Succession of Templeman, 134 La. 798, 64 So. 718.

The most recent expression of the Supreme Court on the question of jurisdiction, herein discussed, is in Succession of Wengert, 178 La. 1027, 152 So. 747. The amount claimed by the widow of deceased, as legatee, was only $120. The court held that it had jurisdiction, as the total of the fund to be distributed was in excess of $2,000. The syllabus reads: "In succession proceeding, test of appellate jurisdiction is whole amount of fund to be distributed, not amount ordered paid out or distributed provisionally (Const. 1921, art. 7, § 10)."

It is therefore ordered that this appeal be transferred to the Supreme Court, and that the clerk of this court transmit the record in the case to the clerk of court of Natchitoches parish to the end that transcript thereof may be made up and forwarded to the Supreme Court, in keeping with its rules, and, if such transcript is not so filed in that court within 30 days from date hereof, said appeal will be considered abandoned.