167 So. 431

**TAYLOR v. Succession of SWEETMAN.**

No. 33303.

March 2, 1936.

Rehearing Denied March 30, 1936.

Finnorn & Todd, John J. Finnorn, and Robert B. Todd, all of New Orleans, for appellant.

L. V. Cooley, Jr., of Slidell, for appellee.

HIGGINS, Justice.

Mrs. R. J. Taylor opposed the final account filed by August F. Sweetman, as administrator of the succession of his deceased brother, Douglas Vass Sweetman, because he refused to recognize her as an alleged creditor for board and lodging of the deceased amounting to the sum of $1,034.

The administrator pleaded prescription of one year under the provisions of article 3534 of the Revised Civil Code. The district judge referred the plea to the merits, and when the opponent attempted to introduce parol evidence to prove her claim, the administrator objected on the ground that, under the provisions of Act No. 11 of 1926, parol evidence is inadmissible to prove a debt against a deceased party, where the claim is

asserted more than twelve months after the date of the death of the deceased.

The trial judge overruled the objection and, after trial on the merits, rendered judgment, overruling the plea of prescription of one year, holding that the action was a personal one and prescribed in ten years under article 3544, Rev.Civ.Code. He further states, in his reasons for judgment, in connection with his ruling on the provisions of Act No. 11 of 1926, that the doctrine of "contra non valentem agere non currit præscriptio" was applicable, because the administrator of the debtor's succession was not promptly appointed and because, in opponent's opposition to the administrator's application for appointment, she described herself as a creditor of the estate.

Mrs. Taylor is a widow who operates a board and lodging house in the residence which she has occupied for many years. The deceased was an old personal friend, who lived with her during the last five years of his life. He was treated as a member of the family and was not looked upon as a regular boarder. He did not sign the register like the other boarders. He ate at the same table with Mrs. Taylor and her family. When he worked, he paid the sum of $9 a week for board and lodging for a period of about one year. While he was out of employment he agreed to pay the sum of $7 a week when he could get the money to do so. On several occasions, he admitted his indebtedness and said that he was glad that, if anything happened to him, he had certain homestead stock which could be sold for the purpose of remunerating Mrs. Taylor. The parol testimony offered by the opponent and her witnesses is uncontradicted and was accepted by the trial judge as being true.

Counsel for Mrs. Taylor contends that, even though his client is engaged in business as an innkeeper, her relation with the deceased was not that of innkeeper and guest, but one based upon friendship, and that the claim for remuneration for board and lodging furnished through kindness or friendship is prescribed in ten years under article 3544, Rev.Civ.Code, citing Succession of Bierce, 171 La. 1047, 132 So. 783.

Assuming that the relationship which existed between opponent and deceased was not that of an innkeeper and guest, but one resulting from friendship, and that the claim of opponent is prescribed by ten years, a view most favorable to her, but, without deciding that issue, we shall pass to a consideration of the question raised by the objection to the parol evidence.

Section 1 of Act No. 11 of 1926, reads as follows:

"Be it enacted by the Legislature of Louisiana, That parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought more than twelve (12) *months after the death of the deceased.*"

It is undisputed that the sole and only evidence relied upon by opponent is parol evidence, and that her opposition to the account was filed "more than twelve (12) months after the death of the deceased." It is clear, therefore, that the above-quoted section of

the act is applicable to the instant case, unless the doctrine of "contra non valentem agere non currit præscriptio" applies. Succession of Harris, 177 La. 1049, 150 So. 14.

Deceased died on April 21, 1933. On April 24, 1933, Mrs. Taylor, styling herself as a close friend of the deceased, petitioned the court to search for his last will, and on May 15, 1933, under the same title, petitioned the court to probate a purported last will and testament found among his personal effects. Later, this will was set aside on the grounds that it was not executed in accordance with the laws of this state. On September 8, 1933, August F. Sweetman, brother of the deceased, made application to be appointed as administrator. On October 19, 1933, Mrs. Taylor filed an opposition to the application to appoint the administrator on the grounds that the applicant was not a resident of St. Tammany parish, and that she, "as a creditor and friend of the deceased," was better qualified to administer the estate. On October 25, 1933, she further opposed the appointment, averring that she was a creditor of the estate, and that Mr. Sweetman's application was premature, because it ignored the probate proceedings in reference to the deceased's purported last will and testament, which was then under attack, but not yet declared invalid.

Mr. Sweetman filed an exception of no right or cause of action to the opposition, and on March 9, 1934, there was judgment in favor of August F. Sweetman, sustaining the exceptions, dismissing the opposition, and appointing him as administrator; the will having been declared invalid in the meantime. On March 10, 1934, he qualified, by taking the necessary oath and furnishing proper bond.

On April 25, 1934, he filed a motion, recognizing certain preferred claims and alleging that it was necessary to sell twenty shares of homestead common stock, with which to pay the debts of the succession. Mrs. Taylor's claim was not listed.

On May 28, 1934, the administrator filed his final account, refusing to recognize Mrs. Taylor's claim for board and lodging by omitting her entirely from the account. On June 9, 1934, she filed her opposition to the account, alleging that she had taken the deceased into her home as a close friend, but not as a boarder, and that he owed her $1,034, representing about four years' board and lodging, at the rate of $7 per week.

The administrator denied the allegations contained in the opposition to the account and pleaded prescription of one year, and, on the trial, interposed the objection to the admissibility of the parol evidence.

As the administrator qualified on March 10, 1934, and the twelve-month period from the date of deceased's death did not expire until April 21, 1934, opponent had a month and ten days within which to assert her claim in a proper proceeding against the administrator. Under the law, she did not have to wait until the administrator filed his account. It would have been a simple matter for Mrs. Taylor to demand of the administrator that he forthwith file his account and declare whether or not he would recognize her claim before the expiration of the twelve-month prescriptive period, and, if he failed to promptly answer, immediately enter suit

against him, asserting her claim. This would have protected her rights.

Furthermore, if there appeared to be a delay in the appointment of an administrator, Mrs. Taylor could have applied to the district judge to appoint a temporary administrator, and, in due course, asserted her claim against him. Succession of Albert Dominique Coco, decided November 4, 1935, and on rehearing on February 3, 1936. 184 La. 144, 165 So. 646. She did neither. She was not only guilty of laches, but it was her action that delayed the appointment of an administrator.

The trial judge states, in his reason for judgment, that the fact that Mrs. Taylor, on April 24, 1933, and May 15, 1933, filed petitions to probate the will, stating that she was a close friend, and on October 19 and 25, 1933, filed pleadings opposing the appointment of the administrator, in which she alleged that she was a creditor, were additional reasons for applying the doctrine "contra non valentem agere non currit præscriptio." This maxim is defined and explained in 13 Corpus Juris, p. 799, in footnote 57, as follows:

"A maxim meaning 'Prescription does not run against a party who is unable to act.' Broom Leg.Max.

"(a) This maxim 'has been applied to prescriptions liberandi causa in three classes of cases: 1st. Where there was some cause which prevented the courts or their officers from acting or taking cognizance of the plaintiff's action; a class of cases recognized by the Roman law as proper for the allowance of the utile tempus. * * * 2d. The second class of cases are those where there was some condition or matter coupled with the contract or connected with the proceeding which prevented the creditor from suing or acting. * * * 3rd. The third class of cases is where the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action.' Reynolds v. Batson, 11 La.Ann. 729, 730 (quot. Rabel v. Pourciau, 20 La. Ann. 131, 132; New Orleans Canal, etc., Co. v. Beard, 16 La.Ann. 345, 347, 79 Am. Dec. 582.)"

Under the law and facts of the case, Mrs. Taylor was not prevented from pressing her claim against the estate, as we have already pointed out. The contention that prescription was suspended because she filed certain pleadings alleging that she was a creditor is equivalent to saying that she substantially complied with the provisions of the statute.

In the case of Roy v. Succession of Vercher, 174 La. 475, 141 So. 33, Mrs. Roy claimed $2,080 for boarding the deceased. Her husband intervened in the suit to assert whatever rights the community existing between him and his wife might have against the succession. Mrs. Roy's claim was denied on the ground that the board bill was an asset of the community, but reserved her right to pursue her remedy in an independent action. In the face of this ruling, her husband took a voluntary nonsuit on behalf of the community. Thereupon he brought a direct action for the board bill on behalf of the community of acquets and gains. As the original case had required considerable time to be heard on appeal, the new suit was

filed more than a year "after the death of the deceased." In reversing the judgment of the lower court, we held that parol evidence was inadmissible under the provisions of Act No. 11 of 1926, the claim having been asserted more than twelve months after the death of the deceased, and that the previous proceedings did not enure to the benefit of the claim for board asserted by the husband in behalf of the community.

It is to be noted that section 1 of the aforesaid act requires the claim to be asserted by a suit. Mrs. Taylor's petition for the search and the probate of the purported will and her opposition to the appointment of the administrator as a creditor cannot be considered as a suit on her claim. She merely made the general statement that she was a creditor, but, upon what grounds the indebtedness was based was never stated until she filed her opposition to the final account. The proceedings instituted by Mrs. Taylor prior to her opposition to the account cannot be considered equivalent to a suit. Code Prac. arts. 95, 96, 147, 170, 172. The papers filed by Mrs. Taylor within the year did not purport to give a statement of her claim, or comply with any of the other requisites of a petition, or any other form of pleading, seeking payment for a board and lodging bill. National Park Bank v. Concordia Land & Timber Co., 159 La. 86, 105 So. 234, 241.

The obvious purpose of the statute was to prevent the presentation of stale claims against the estate of a deceased person by parol evidence. The statute requires the suit to be brought within a year, in order that the heirs of the deceased might be informed of the claim they are called upon to pay, so

as to enable them first to gather evidence which would show that the claim is either just or unjust, before such evidence might be lost or become unavailable.

It is our opinion that the objection to the introduction of parol evidence, under the circumstances of this case, was well founded and should have been maintained under the provisions of section 1 of Act No. 11 of 1926. The elimination of parol evidence leaves the opponent's claim in the position of not having been proved and the opposition is therefore dismissed.

For the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from is annulled and set aside, and the opposition of Mrs. R. J. Taylor to the final account of the administrator is overruled and the administrator's account approved, and the claims listed thereunder are to be paid by the administrator out of the funds on hand; opponent, Mrs. Taylor, to pay the costs of both courts, in connection with the opposition.

ODOM, Justice (concurring).

I concur in the result because there is nothing to show that Mrs. Taylor filed with the administrator an itemized account of her alleged claim within one year from the date of the death of Douglas Vass Sweetman. Apparently she did not disclose the nature of her claim until June 9, 1934, when she filed formal opposition to the account. I doubt the application of one year's prescription under Act No. 11 of 1926, where a claimant files with an administrator or executor within one year an itemized account

showing the nature of the claim. Where an itemized claim showing the nature of the debt is filed with an administrator within one year and rejected by him after the lapse of one year, making a suit for recognition of the claim necessary, I think the prescription of one year is not applicable because the claimant could not know until after the claim was rejected by the administrator that a suit for its enforcement would be necessary.