## Succession of FELPS.

### No. 2034.

Court of Appeal of Louisiana. First Circuit.
Nov. 9, 1939.

Moise Thibodeaux, of Baton Rouge, for appellant.

Laycock & Moyse and Roland C. Kizer, all of Baton Rouge, for appellee.

OTT, Judge.

James Edwards Felps died on August 24, 1931, and Mrs. Lela Washington was appointed executrix of his estate on October 7, 1932. The only property belonging to the succession was a small piece of real estate appraised at $500, together with an insurance policy which was exempt from the payment of the debts of the succession.

Under an order of court the real estate was sold to pay debts in November, 1932, and brought $425. After paying cost of court and taxes on the property a balance of $263.18 was left for distribution among the creditors.

No further action was taken in the succession until April, 1934, when Dr. F: O. Darby filed a petition setting out that he had rendered medical services to the deceased amounting to $404, and had filed a statement of his claim in the mortgage records of the parish on September 29, 1931; that $283 of said medical bill was for services rendered the deceased during the twelve months of his last illness, and the doctor asked that he be recognized as a privileged creditor of the succession for the latter amount; that the executrix be ordered to file an account and that he be placed thereon as a privileged creditor over all other creditors, except the funeral expenses.

Shortly after the filing of the above petition by Dr. Darby, Ronaldson & Puckett Company, Ltd., filed an intervention in the succession claiming to be the holders of a conventional mortgage on the real estate which was sold in the succession proceedings, and asked that their privilege and preference on the proceeds of the sale be recognized. This mortgage creditor opposed the claim of Dr. Darby on the ground that his claim was not in writing and was not acknowledged within a year after the death of the deceased nor was any action brought thereon within said year; and, in the alternative, that the claim of Dr. Darby was prescribed under the three year prescription.

After a rule taken by Dr. Darby on the executrix to show cause why she should not file an account of her administration, the latter filed her final account in May 1937, on which account the executrix proposed to pay the net balance of $263.18 as follows: $50 as attorneys fees for the attorney for the executrix; $10 for estimated future costs, and the balance of $203.18 to be paid to the mortgage creditor.

An opposition was filed to this account by Rabenhorst & Company who had a

funeral bill of $455, asking that the net balance of $203.18 which was proposed to be paid to the mortgage creditor be paid to this company as a privileged·creditor by reason of the claim being for funeral expenses. Dr. Darby also filed an opposition to the account in which he re-urged his claim for $283 for medical expenses during the last illness and asked that he be placed on the account as a privileged creditor over all other claims except that of the undertaker whose claim up to $200 he recognized as priming his claim.

The mortgage creditor filed a pleading opposing the claim of the undertaker and also that of Dr. Darby, urging against the latter the same prescription that had been urged against the claim of Dr. Darby when he filed his first petition in April, 1934.

The trial court sustained the plea of prescription to the claim of Dr. Darby and dismissed his claim. The claim of Rabenhorst & Company was recognized as a preference funeral claim in the sum of $200, and that amount was ordered paid to this company and the small balance was ordered paid to the mortgage creditor. Dr. Darby alone has appealed.

On the trial of the opposition, Dr. Darby testified that he filed his claim in the mortgage records a month or so after the death of the deceased, but he never had the claim recognized or acknowledged by the executrix; that he mailed an itemized bill to her shortly after she qualified.

Objection was made ·to all evidence in support of Dr. Darby's claim on the ground that it was prescribed. Act No. 11 of 1926 provides that parole evidence shall not be admissible to prove any debt or liability of a party deceased, if a suit on the claim is brought more than twelve months after the death of the deceased. It is not claimed that the debt which Dr. Darby is seeking to enforce against the estate of the deceased was in writing, nor is it claimed that this debt was ever recognized or acknowledged by the representative of the succession.

No suit was brought by Dr. Darby on his claim for nearly three years after the death of the deceased and for more than one year after the executrix was qualified. Under the plain provisions of the· above act Dr. Darby was prevented from proving his claim by parole evidence—the only kind of·evidence he had to offer.

The recordation of the claim in the mortgage records did not have the effect of proving it, nor did the recordation of this claim serve to meet the requirement that a *suit* must be brought on the claim within a year after the death of the deceased, if the claim is to be proved by parole evidence. Taylor v. Succession of Sweetman, 184 La. 755, 167 So. 431.

The recordation of the claim after the death of·the deceased added nothing to the validity of the claim, nor did. it affect the rank of the claim as a privilege or preference.

The privilege given the claim arose after the death of the deceased—even though the claim itself originated prior to his death and the claim was not required to be recorded. Civil Code, Article 3276. But the proof of the claim is a different matter from that of fixing. the rank of the privilege. It is against proof of the claim itself that the act prohibits the introduction of parole evidence when a suit on the claim has been filed more than a year after the death of the deceased.·

For the reasons assigned, the judgment is affirmed; appellant to pay the cost of the appeal.