This is a companion suit to cause No. 6195, styled Q.Z. Clements v. Mrs. Mabel Reid Brewer Knighton et al., 1 So. 139, decided by us today. The two were consolidated for trial in the district court and have been considered here in that form.
In each case the same parties defendant are impleaded. There is a difference, however, as to the plaintiff and to the cause of action involved. Herein E.T. Sumner seeks judgment on two promissory notes allegedly held and owned by him, the maker of which is the Dubberly Mercantile Company by Q.Z. Clements; and he also asks judgment for $27.60, this being the balance due for certain hay assertedly sold.
One of the mentioned notes is for the principal amount of $350, less certain credits; is made payable to the Peoples Bank Trust Company; and it bears the endorsement to plaintiff, without recourse, of the named payee. The other *Page 143 
note is for $100, and is payable to E.T. Sumner.
The petition alleges that in the execution of both of said promissory notes the Dubberly Mercantile Company, which was the trade-name used for Mrs. Knighton's store, "was represented by Q.Z. Clements, the duly authorized manager of said company, and the duly authorized manager and agent of defendant, Mrs. Knighton."
Defendants deny generally the allegations of the petition. Affirmatively they aver that the notes were made by Q.Z. Clements without any authority from Mrs. Knighton and were not given for her account.
The demands of plaintiff respecting the notes were rejected. He was granted judgment against Mrs. Knighton, however, for the $27.60 claim; and inasmuch as the sale of the business to Phillip Holley Son was not effected in accordance with the provisions of the Bulk Sales Law of this state, that partnership and its members, being the other defendants herein, were declared to be liable to plaintiff as receivers to the extent of the named amount.
Plaintiff appealed. Defendants complain in this court, through appropriate pleadings, that the district court erred in refusing to reject all of the demands of plaintiff.
A fundamental principle of law of this state is that the authority of an agent to execute notes or other commercial paper on behalf of his principal must be express and special. Civil Code, Article 2997; Robertson v. Levy, 19 La.Ann. 327; In re Lafourche Transportation Company v. Pugh, 52 La.Ann. 1517, 27 So. 958; Credit Alliance Corporation v. Centenary College of Louisiana, 17 La.App. 368, 136 So. 130. It has been held, however, that the granting of such authority is implied when the main object of the agency requires the exercising of that power. James v. Lewis, 26 La.Ann. 664; Kern, Inc. v. Panos, La.App., 177 So. 432.
Clements testified that the promissory notes were given in connection with his borrowing of funds for use in the operation of Mrs. Knighton's store; and plaintiff largely relies on the provisions of the written management agreement, quoted in full in the opinion of cause No. 6195, to show authority for such acts. Under those contractual provisions, the manager was empowered to do business with the Peoples Bank Trust Company of Minden, Louisiana, and also "to sign all contracts and checks"; but, in our opinion, this authority did not include the obtaining of loans and the execution of notes for Mrs. Knighton. The contracts referred to and contemplated therein were, undoubtedly, those arising in the usual course of the store's operation.
Furthermore, we think that the nature of the agency did not furnish by implication the authority claimed. The managing of a mercantile store in a small town, as in the instant case, does not necessarily require the borrowing of funds.
It is next contended by plaintiff that the funds obtained from the loans, which the notes evidenced, were used for the benefit of Mrs. Knighton in paying for purchases made in behalf of the store; and he argues that she should not be allowed to enrich herself at his expense. This contention is not clearly established by the evidence; in fact it is impossible to determine from the record just where and how the borrowed funds were used.
Plaintiff's claim of $27.60, the balance allegedly due for the sale of hay, is supported by adequate proof. It was properly recognized.
The judgment, for the reasons assigned, is affirmed.