McINNIS,- Judge.
This is a demand by opponent that it be placed on the account of the executrix for $271.10 claimed to be due for plumbing-work performed for deceased during his. lifetime.
An exception of no cause or right of action to the opposition was filed and overruled, and the executrix filed an answer denying the correctness of the account and alleging that the only bill she has from opponent is an undated statement for $131.-27, with a pencil notation, also undated, “Paid by check $50.00”, reducing the sum due to $81.27.
After trial of the opposition on the merits the district judge awarded judgment in favor of opponent, and ordered the executrix to amend the account, placing opponent thereon for the amount of $271.10.
From this judgment the executrix has perfected a devolutive appeal, and in this court has filed an exception of no cause and no right of action and a plea of three-years prescription to the account.
The following events led to the filing of the opposition:
Pete D. Vaselo died testate November 27, 1950. His last will and testament appointed his wife, Flora Elizabeth Vaselo as executrix without bond. She had the will registered, and December 4, 1950 qualified by taking the oath. The property of the succession was inventoried.
September 6, 1952 the executrix secured an order to sell certain property of the succession for $3,500. November 28, 1952 *407 ■she filed what is denominated a final account, on which opponent was not listed for any amount. On December 10, 1952 ■an order was signed approving the account and ordering the funds distributed accordingly, but not discharging the executrix. The account reveals funds on hand in the sum of $8,443.94 and debts amounting to $7,399.94. A check for $81.27 was mailed to opponent, but it was not accepted, and this opposition was filed.
On December 14, 1950, Messrs. Garrett & Pleasant addressed a letter to Mrs. Pete Vaselo, 330 Fannin Street, Shreveport, advising her that her late husband’s account with opponent, amounting to $271.10 had been placed in their hands for collection, and that it was long past due and must be paid immediately, but that they would wait five days before taking legal action. Later on Mr. Pleasant called Mrs. Vaselo over the telephone, and was referred to her attorney, Mr. Newson, to whom he talked over the telephone, and he says Mr. Newson advised him that the matter would be handled through the succession, and that neither Mrs. Vaselo nor Mr. Newson questioned the correctness of the account.
On trial of the case objection was made to the introduction of much of the testimony because decedent had been dead more than two years. The testimony was admitted, however, and considered by the trial judge.
Mrs. Ethra Heard, bookkeeper for opponent was handed the ledger sheet and testified that the account is correct. She says that on May 16, 1949 the balance •due on the account was $131.27. She says the amount due when Vaselo died was $271.10, and for each charge to the account there was filed a work ticket. None of the tickets however carry the signature of •decedent or any one representing him.
Mr. H. P. Turk, one of the partners of opponent testified that his company did most of the plumbing work at the coffee shop and that no complaint was ever made to him about the account.
The executrix contends that the' bill ¡showing $81.27 due was received after her ■husband died, and that is the only bill she had. She says she does not remember receiving the letter written December 14, 1950 demanding payment of $271.10.
We are convinced, as was the trial judge, that the account is correct, and were it not for the special defense that has been urged here, we might conclude this opinion by affirming the judgment, however this special defense is serious and must be considered.
This special defense is based on the provisions of Act 11 of 1926, LSA-R.S, 13:-3721 and 13:3722, which read as follows:
“Parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought more than twelve months after the death of the deceased.
“Parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or, liability shall have been brought within a ■ delay of twelve months after the death of the deceased, unless it consists of the testimony of at least one credible witness of good moral character, besides the plaintiff, or unless it be to corroborate a written acknowledgement or a promise to pay, signed by the debtor.”
In West Publishing Company’s Revised Statutes are cited many cases in which the above sections have been interpreted, and without exception the cases hold, that in order to offer parol evidence a suit must be filed within one year after the death of the debtor. In the Succession of Dugas, 215 La. 13, 39 So.2d 750, where the administratrix was also a creditor of the succession, and filed her final account within one year after Dugas died, placing herself on the account as a creditor, it was held that she thereby filed a “suit” within the twelve month period, and was allowed to offer parol testimony to prove her account. In Taylor v. Succession of Sweetman, 184 La. 755, 167 So. 431, 434, parol evidence was ruled out because the suit was filed more than one year *408 after the death of the decedent. In a concurring opinion Mr. Justice Odom said:
“I concur in the result because there is nothing to show that Mrs. Taylor filed with the administrator an itemized account of her alleged claim within one year from the date of the death of Douglas Vass Sweetman. Apparently she did not disclose the nature of her claim until June 9, 1934, when she filed formal opposition to the account. I doubt the application of one year’s prescription under Act No. 11 of 1926, where a claimant files with an administrator or executor within one year an itemized account showing the nature of the claim. Where an itemized claim showing the nature of the debt is filed with an administrator within one year and rejected by him after the lapse of one year, making a suit for recognition of the claim necessary, I think the prescription of one year is not applicable because the claimant could not know until after the claim was rej ected by the administrator that a suit for its enforcement would be necessary.”
See also Rochelle v. Russ, La.App., 54 So.2d 856, 858. Many other cases might be cited, however, the pronouncement of our courts in the above cited cases are the most favorable to opponent, so far as we have found.
We find no evidence in this record that any itemized statement was sent to the executrix or to her attorney prior to the filing of the opposition to the account, which was some two years after the succession was opened and the executrix appointed. In fact Mr. Pleasant was asked on cross examination if he sent any statement of the account prior to the time Mrs. Vaselo closed her account and mailed the check. His answer was: “I am sure I did not send you a statement. I didn’t have a statement. I called and talked to you over the ’phone. If I am not mistaken, the letter addressed to Mrs. Vaselo was supposed to have been turned over to you for handling.”
The objections made by counsel for the executrix to the introduction of parol evidence are rather loosely worded, and it might be argued that the objection was'not made in accordance with the Statute, but it appears that this is immaterial. See Longino v. Longino, La.App., 169 So. 186, 187 and Succession of Coreil, 177 La. 568, 148 So. 711, 713.
In our opinion the failure of opponent to file its suit within twelve months after the death of decedent is fatal to its demand. The executrix has admitted, however, that the estate owes opponent, $81.27, and it is entitled to be placed on the account for that sum, and in view of the fact that no legal tender of this sum was made, we believe the executrix should pay the costs of the lower court.
It follows that the judgment of the district court is amended by reducing the amount for which opponent is to be placed on the account to the sum of $81.27, and in all other respects the judgment is affirmed. The executrix is taxed with the cost in the lower court, and the cost of this appeal is taxed against opponent-appellee.