JANVIER, Judge.
Plaintiff is a general contractor.
Prior to his death Alfred B. Rolling was a lessee under a long-term lease of a dwelling at Chef Menteur, a small fishing and hunting settlement about twenty miles from the central business section of New Orleans.
Desiring to make certain additions and alterations Rolling entered into a verbal agreement with plaintiff, Robert J. Guzman, for the labor and material required. Rolling died on April 1, 1952, and Dr. Lawrence R. Rolling was duly qualified as executor of his estate.
On April 27, 1954, plaintiff filed this suit against the estate of Alfred B. Rolling, alleging that he had furnished all the labor and materials contemplated in the original agreement and had also done other work as requested from time to time by decedent, and “that the decedent and his succession were unjustly enriched at the expense of your petitioner,” and that there was a balance due him of $912.20, and he prayed for judgment against the succession of Alfred B. Rolling for that amount.
After a lengthy trial there was judgment in favor of plaintiff as prayed for and Dr. Rolling, as executor of the estate, has appealed.
In this Court the executor filed what he terms a plea of prescription of one year, basing it on the fact that the suit was not *59 filed until more than two years after the death of Alfred B. Rolling, calling attention to the fact that the claim of plaintiff is supported only by oral testimony and directing attention to Act 11 of 1926, LSA-R.S. 13:3721, which provides that:
“Parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought more than twelve months after the death of the deceased.”
Except for the various statements showing the quantities of material and hours of labor which were prepared by plaintiff and identified by him there is nothing in the record showing any amounts due him except his oral testimony.
Counsel for plaintiff, in answer to the plea of the executor which directs our attention to the quoted statute, maintains that that statute can have no effect since the oral evidence was introduced without objection, and he argues that since it was introduced without objection, it is competent to prove the debt even though the suit was not filed within the year following the death of the decedent.
The contentions made on behalf of plaintiff find their answer in the decision of the Supreme Court in Succession of Coreil, 177 La. 568, 148 So. 711, 713. There the administrator of the Succession of Madame Coreil sought to place himself on an account for various amounts which he claimed he paid with his own funds for account of the decedent prior to her death. The account on which he placed himself was not filed until more than one year after the death of the decedent, and, in attempting to prove that the amounts were due him, he offered only oral testimony. No objection was made to this oral testimony.
In the Supreme Court, in opposition to his claim it was argued that, since he had not presented it until after the expiration of the year following the death of the decedent, his oral testimony was “incompetent and inadmissible”, because of the effect of Act 11 of 1926, the statute which is relied on, which provides, as already shown, that in such cases oral testimony is incompetent and inadmissible.
On behalf of the claimant it was argued that since the oral evidence had been admitted without objection, the provisions of the statute had been waived. The Supreme Court said:
“* * * Objections having reference to the competency or effect or sufficiency of evidence are not waived by a failure to object when the evidence is tendered. Only such objections as relate to the relevancy of the evidence, or to some matter of form, or irregularity, in obtaining the evidence, are waived if they are not argued when the evidence is tendered.”
As we read that decision it is a clear, unequivocal holding that, whether objected to or not, such oral evidence is not only inadmissible, but is “incompetent” to prove such a debt.
In Turk & Campbell Plumbing Co. v. Vaselo, La.App., 66 So.2d 406, the Court of Appeal for the Second Circuit considered an identical situation and, following the decision of the Supreme Court in Succession of Coreil, held such evidence to be absolutely incompetent.
In Longino v. Longino, La.App., 169 So. 186, 187, the Court of Appeal for the Second Circuit again found itself confronted with this identical question, and finding that “the only proof to be found tending to establish the asserted indebtedness is that given orally by plaintiff", held that, although no objection had been made to the oral testimony, the evidence was incompetent and could not be availed of to support such a claim.
There is in the record before us only oral evidence. Since that evidence is incompetent we must hold, in accordance with the decisions cited, that there is no competent evidence and that the debt sued on has not been proven.
*60 Accordingly, the judgment appealed from is annulled, avoided and reversed, and plaintiff’s suit is dismissed at his cost.
Reversed.