YARRUT, Judge.
This is an appeal by plaintiff from a judgment denying him recovery on five promissory notes, totalling $10,500, signed “Court of Two Sisters — per Dolores Cohen.” The “Court of Two Sisters” was a trade name employed by James L. Cooper, decedent, and the present suit was brought against the administratrix of his succession more than one year after his death.
The trial court refused to receive parol evidence that Dolores Cohen, who signed the notes, was the general manager of the business and was authorized generally to sign checks and promissory notes. We agree with the trial judge that parol evidence was inadmissible and that he properly dismissed plaintiff’s claim on the five promissory notes.
LSA-R.S. 13:3721, provides:
“Parol evidence shall be incompetent and inadmissible to prove any debt or liability upon the part of a party deceased, if a suit upon the asserted indebtedness or liability shall have been brought more than twelve months after the death of the deceased.”
LSA-R.S. 7:19, provides:
“The signature of any party may be made by a duly authorized agent.
“No particular form of appointment is necessary for this purpose; and the *664 authority of the agent may be established as in other cases of agency.”
There is no doubt that our Supreme Court has clearly held, in interpreting LSA-R.S. 13:3721, that parol evidence is not admissible to prove a debt of a deceased person, if suit thereon is brought more than a year after death. Succession of Dugas, 215 La. 13, 39 So.2d 750; Succession of Gesselly, 216 La. 731, 44 So.2d 838.
In Taylor v. Succession of Sweetman, 184 La. 755, 167 So. 431 (decided March 1936, cited by plaintiff in support of his contention), our Supreme Court expressly ruled out parol evidence because suit was filed more than one year after the death of decedent. In that suit Justice Odom wrote a separate concurring opinion, predicated upon the fact that a detailed statement of the claim had been filed with the administrator within a year after the decedent’s death, and expressed doubt that the one-year period was applicable where a claimant within the year actually filed with the succession representative an itemized account showing the nature of the claim.
LSA-R.S. 13:3721 was amended by Act 32 of 1960, and permits parol proof after one year if, within the year, the claimant has submitted to the succession representative a formal proof of claim as otherwise provided by law. Thus Justice Odom’s concurring opinion was made statutory, 23 years thereafter.
The claim was filed with the adminis-tratrix here, but the amendatory act of 1960, supra, was not in effect. Since parol evidence was necessary to establish the authority of Dolores Cohen to execute the promissory notes, and suit was admittedly brought more than one year after the death, plaintiff could not produce valid evidence to substantiate his claim. Parol evidence would have been permissible under LSA-R.S. 7:19 to prove the authority of Dolores Cohen had suit been filed within the year of decedent’s death.
As written evidence of the authority of Dolores Cohen, there was introduced ini evidence a note for $749 dated December 12,. 1955, in favor of Anthony G. DeVoney, Jr., signed by “James L. Cooper — Per Dolores Cohen,” payable on March 5, 1956,. and a letter by the attorney for the admin-istratrix dated March 22, 1956, nearly three months after decedent’s death, acknowledging that the note was due and payable, less, a credit of $200, and that the same would be placed on the first account filed in the succession proceedings. The acknowledgment of one debt by the administratrix would only be binding for that debt, not other debts sued for more than one year after deceased’s death, and which the ad-ministratrix and her attorney persistently refused to recognize. There is no plea of estoppel or evidence that would support such a plea.
In the case of Sumner v. Knighton, 1 So.2d 142, in an opinion by Judge Hamiter of the Court of Appeal, Second Circuit, it was held that the authority of an agent to execute a note or other commercial paper on behalf of his principal must be express and special, under Civil Code Art. 2997; that the granting of authority to an agent to execute notes or other commercial paper is implied when the main object of the agency requires the exercise of that power, Civil Code Art. 2997; and where an owner empowered his store manager to do business with a certain bank, and to sign all contracts and checks, the manager was not authorized to obtain loans and to execute notes for the owner, since “contracts and checks” referred to were those arising in the usual course of the store’s operation, Civil Code Art. 2997; and further, in an action on a note executed by store manager who did not have authority to borrow money and execute note, evidence was insufficient to establish store owner’s liability on theory that the borrowed money was used by manager in paying for purchases made in behalf of the store. Of course, the suit in the cited case was against the store owner who was alive at the time, and the *665 •question of admissibility of parol, evidence ■one year after decedent’s death was not at issue.
Briefly, plaintiff must rely solely on parol ■evidence to prove Dolores Cohen’s authority to sign decedent’s name to the promissory notes, which evidence is clearly inadmissible.
For the reasons assigned, the judgment ■of the district court is affirmed; plaintiff-appellant to pay costs in both courts.
Affirmed.