182 So.2d 203 (1965)
Succession of Sam C. GRUBBS, Sr., deceased.
Sam C. GRUBBS, Jr., Plaintiff-Appellant,
v.
The FIRST NATIONAL BANK OF SHREVEPORT et al., Defendants-Appellees.
Nos. 10494, 10493.
Court of Appeal of Louisiana, Second Circuit.
December 21, 1965.
Rehearing Denied January 26, 1966.
*204 Naff, Goodman & Johns, Shreveport, for plaintiff-appellant.
Robert G. Pugh, Sydney B. Nelson, Shreveport, for Mrs. Virginia Smith Moseley Grubbs, defendant-appellee.
Peters, Ward & Johnson, Shreveport, for The First Nat. Bank of Shreveport, defendant-appellee.
Before GLADNEY, AYRES and BOLIN, JJ.
AYRES, Judge.
In the first of the aforesaid consolidated actions Sam C. Grubbs, Jr., as a legatee under the last will and testament of his father, traversed the inventories taken in his father's succession and opposed their homologation. The basis for the opposition was the inclusion and status of certaindescribed property listed in the inventories. Of particular complaint was the failure to recognize opponent as entitled to an accounting of the income of certain property inherited from his mother, the usufruct of which the father had enjoyed but which he had forfeited by a second marriage.
Identical issues were presented in the second of these proceedings instituted as a direct action against The First National Bank of Shreveport as the executor of his father's estate, as well as against Mrs. Viriginia Smith Moseley Grubbs the father's second wife and surviving spouse in a second community of acquets and gains.
The issues relating to the inclusion and status of the property were determined in a decree of this court in the matter of the Succession of Grubbs, La.App., 170 So.2d 256, wherein the judgment appealed was amended and affirmed.
The issue presented on this appeal relates primarily to the demand for an accounting of one-half of the income received by the father from the rental of property constituting a portion of the father's first community, *205 which property Grubbs, Jr., inherited from his mother.
The claim or demand for an accounting was filed more than a year after the father's death. The executor of his succession and the widow, the surviving spouse of the second community, objected to the introduction of any parol testimony to establish an obligation on the part of the decedent or of his estate. The objection was referred to the trial of the case on its merits. After trial, the demands for an accounting were rejected. From the judgment thus rendered and signed, Sam C. Grubbs, Jr., appealed.
A legal question of prime importance is the applicability of the provisions of LSA-R.S. 13:3721 to the admission of the evidence produced by Grubbs, Jr., in support of his claim. This statute provides:
"Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
"(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
"(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
"(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
"(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.
"The provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder. As amended Acts 1960, No. 32, § 1."
No contention is made that any of the exceptions to the general rule stated in the statute are applicable here.
The position of Grubbs, Jr., is that the statute has no application inasmuch as the obligation or liability of the father to account for income of property of which he had forfeited the usufruct is established by law and that, consequently, there remains only a question as to whether the obligation has been discharged. In this regard it is specially contended that parol evidence is admissible to establish a foundation for the introduction of documentary evidence relating to an obligation of a party, now deceased, to account for funds received by him belonging to another.
The record establishes that Sam C. Grubbs, Sr., was married twicefirst, to Mena Woodyard Grubbs and, second, to Virginia Smith Moseley Grubbs. The first Mrs. Grubbs died intestate November 15, 1954, survived by her husband and by an adopted son, Sam C. Grubbs, Jr. By a judgment of possession in the matter of the wife's succession, Sam C. Grubbs, Sr., was recognized as the owner of an undivided one-half interest in and to all the property comprising the community estate formerly existing between him and his deceased wife, with a usufructuary right over the other one-half of the property which was inherited by the son. However, on August 1, 1955, Sam C. Grubbs, Sr., remarried. He died testate April 9, 1963, after which his succession was opened in Caddo Parish, Louisiana.
The complaint now before the court involves primarily the one-half of the rental or income of the premises bearing municipal *206 number 2783 Greenwood Road in the City of Shreveport, which funds were allegedly collected and retained by Grubbs, Sr., from the date of the second marriage to the date of his death, and for which he never accounted to his son.
There can be no question as to the surviving spouse's usufruct of the share of the community estate of his deceased wife which was inherited by their son, where the wife and mother died intestate. Nor is there any question that upon the survivor's second marriage the usufruct ceased. LSA-C.C. Art. 916.
When a usufruct of property expires it becomes incorporated with the ownership thereof and, accordingly, on the occurrence of such an event, one who had only the naked ownership enters into a full and complete ownership of the property. LSA-C.C. Art. 625. Therefore, in the instant case, when the father's usufruct expired, he and the son became joint owners of the property. In instances such as this, the rule is well established that a co-owner in possession of common property must account to his co-owner out of possession for all rents and revenues derived by him therefrom. Juneau v. Laborde, 228 La. 410, 82 So.2d 693 (1955); Vance v. Sentell, 178 La. 749, 152 So. 513 (1933); Satcher v. Radesich, 153 La. 468, 96 So. 35 (1923); Davis v. Ruddock Orleans Cypress Co., 132 La. 985, 62 So. 114 (1912); Moreira v. Schwan, 113 La. 643, 37 So. 542 (1904).
Whatever amount is shown to be due constitutes a debt. The relationship of Grubbs, Sr., and Grubbs, Jr., was therefore that of debtor and creditor. This obligation of the father to the son is distinguishable from "charges" upon an estate such as funeral and other charges enumerated in LSA-C.C. Arts. 3191, 3252, and 3254, and to which the aforesaid parol-evidence rule is inapplicable. Sanders v. Sanders, 85 So.2d 61, La.App., 1st Cir. 1955; Aochelle v. Russ, 54 So.2d 856, La. App., 2d Cir. 1951. Moreover, the status of the obligation as a debt and the relationship of the parties as debtor and creditor would have been the same had the heir sought an accounting of income from property derived therefrom during the existence of the usufruct. Burdin v. Burdin, 171 La. 7, 129 So. 651 (1930); In re Jones, 41 La. Ann. 620, 6 So. 180 (1889); Cochran v. Violet, 38 La.Ann. 525 (1886).
Grubbs, Jr., contends, however, that upon the termination of the usufruct his father was obligated by law to deliver in kind the property where the usufruct was perfect and the equivalent where it was imperfect. Among the authorities cited to support this proposition are LSA-C.C. Arts. 534, 536, and 549. That the father was under such a duty must be conceded. But the obligation to account and a debt which may be established to exist by such accounting do not constitute a "charge" upon the estate such as is secured by a privilege upon the movable and immovable property thereof.
As authority for the proposition that the father's aforesaid obligation to his son was created by law and required no proof, the case of the Succession of Bonnette, 188 La. 297, 176 So. 397 (1937), was cited. With reference to the claim made therein, the court declared "The purpose of the testimony was not to establish a claim against the estate of the deceased but rather to establish the value of property received and not accounted for, and consequently Act No. 11 of 1926 [LSA-R.S. 13:3721] does not apply."
On this appeal, no issue is presented as to property inherited by Grubbs, Jr., from his mother. As heretofore observed, the questions relating to such claims have already been determined. The demand here and with which we are presently concerned relates to the duty and obligation of a father as a joint owner of property with his son to account to the latter for revenues *207 received therefrom. Such accounting was a personal obligation; and whatever amount the accounting may have established to be due would have constituted a debt, an obligation of one joint owner to the other.
However, it is contended that parol evidence to lay the foundation for the introduction of documentary evidence to establish the opponent's claim is admissible under the statute. The statute does not provide for such an exception. In line with the provisions of the statute, the court refused to receive parol evidence to lay the foundation for the introduction of a note which would have established an obligation upon a deceased party. Shear v. Cooper, 134 So. 2d 663, La.App., 4th Cir. 1961 (certiorari denied). There it was held that in a suit against an administratrix of an owner of a business conducted under a trade name, to recover on notes signed on behalf of the business by its alleged general manager, parol evidence that the person who signed the notes was general manager of the business and authorized to so sign them, offered to prove debt as being that of the decedent, was inadmissible, where a suit was brought more than 12 months after death of the decedent. See, also: Succession of Vaselo, 66 So.2d 406, La.App., 2d Cir. 1953.
For the aforesaid reasons, the conclusion is inescapable that parol evidence is inadmissible and may not be received to prove the alleged debt or liability of decedent, Sam C. Grubbs, Sr. Accordingly, the objection to the introduction of the testimony tendered for the purpose of establishing an indebtedness due by decedent's estate is now sustained.
Without the benefit of the testimony excluded under the objection made, we can only conclude, as did the trial judge, after giving consideration to all the evidence offered, that appellant has failed to establish his case by a reasonable preponderance of the evidence and to a legal certainty. No manifest error in the judgment appealed is observed from the record; nor has such error been pointed out.
Accordingly, the judgment appealed is affirmed at appellant's cost.
Affirmed.

On Motion for Rehearing
PER CURIAM.
In a motion for a rehearing attention was called to an alleged issue omitted from consideration in our original opinion. This relates to a demand for the restitution of certain property listed in an affidavit executed in lieu of a formal inventory in the succession of Mrs. Mena Woodyard Grubbs and of which Sam C. Grubbs, Sr., had an alleged imperfect usufruct until his remarriage. This property allegedly consisted of the assets of a business owned by Grubbs, Sr., as head and master of the community formerly existing between him and his first wife, which was known as Sanitary Plumbing Company.
With reference to the establishment of this claim, Grubbs, Jr., contends that LSA-R.S. 13:3721, commonly referred to as "the dead man's statute," has no application inasmuch as Grubbs, Sr., was under an obligation created by law to account to his son for the property over which he exercised a usufructuary right, and, moreover, that the aforesaid affidavit of the appraisement constituted written evidence of the obligation without the need of support by parol evidence.
No necessity exists, however, for a resolution of the legal question presented, inasmuch as its factual basis was shown by the record to no longer exist. After termination of the usufruct of Grubbs, Sr., of the community property inherited by Grubbs, Jr., from his mother, Grubbs, Sr., and Grubbs, Jr., sold the Sanitary Plumbing Company and the assets pertaining thereto to L. E. Mayfield et al, who, thereafter, *208 operated the business as Standard Plumbing Company. The price of the sale was $1,000 cash and a deferred balance of $10,000 which was paid by a series of checks, nearly all of which were made payable to both Grubbs, Sr., and Grubbs, Jr., and were endorsed by both of them.
Whatever assets of the plumbing business not included in the sale, if any, were not separately listed and appraised in the affidavit executed in lieu of a formal inventory.
It may be pointed out, however, that Grubbs, Jr., claims the proceeds of the checks were placed in his father's bank account and that he never received his share. It would appear to us that, by selling the property, Grubbs, Jr., cannot now claim he did not receive the property for which he now claims restitution. The delivery of his portion of the proceeds of the sale to his father, if such occurred, under circumstances not herein disclosed, is a separate and distinct matter. The establishment of any indebtedness under these facts, on the part of the father, if attempted, by parol testimony, would be in violation of the aforesaid statute, the applicability of which to all such testimony we pointed out in our original opinion.
With this explanation, the motion for a rehearing is denied.