In an application for a rehearing, counsel for the defendants have vehemently attacked the action of this court in rendering a final judgment in plaintiff's favor on the merits of the case, although they concede, as they must, that they stated to us during oral argument in open court that they desired to submit the matter for final decision on the record and that it would be vain and useless to remand the case to the lower court, in the event we disagreed with the ruling of the judge on the exception, because defendants did not wish to submit any evidence to refute the testimony given on behalf of the plaintiff. And, as stated in our original opinion, counsel agreed, at our suggestion, to file a written stipulation to the effect that the case would be considered as submitted for final decision on the evidence in the record. This stipulation was not filed and counsel do not attempt to excuse their failure to do so. Counsel now contend that the court has misconstrued their willingness to submit the case for final decision on the evidence and that, as a matter of fact, they intended only that they had no objection, if the court felt that the judge of the lower court was wrong in maintaining the exception, to have the court decide the case on the merits, provided the decision was favorable *Page 125 
to the defendants. We must confess our amazement and surprise with respect to this belated and unfounded explanation by counsel of the effect which they intended to be given to their voluntary offer — which is, that their willingness to submit the case on plaintiff's evidence for final decision was conditioned upon a favorable judgment. Of course, it is self-evident that this or no other court would entertain a proposal, such as the one counsel now say was intended by them.
Counsel further state in their application that they were not given the opportunity of presenting argument on the merits of the case. This statement is wholly incorrect as we did not limit counsel in any manner with respect to the nature of the argument they desired to present on behalf of their clients at the hearing.
The other matters complained of in the application for rehearing have been fully considered and answered by our opinion.
The application for a rehearing is refused.
Rehearing refused.