DOMENGEAUX, Judge.
In a proceeding dated October 1, 1970 entitled “Succession of Sallie Lambright” and filed in the District Court, plaintiff-appellant Ada Lambright Zuck sought and obtained appointment as Administratrix of the Succession of her mother, Sallie Lam-bright. The petition for such appointment alleged that the decedent Sallie Lambright died intestate on April 20, 1960 and had been survived by her husband and widower Elisha L. Lambright who subsequently died on April 19, 1970. The petition further states that of the marriage between Elisha L. Lambright and Sallie Lambright were born the following children: Ada Lam-bright Zuck (petitioner), Lou L. Suslavage, Pearlie L. Peterson, Rubin Lambright, Edwin- Lambright, Wilmer Lambright, Lish C. Lambright and defendant Huey P. Lam-bright. The petition further alleged that the decedent Sallie Lambright had died possessed of an undivided one-half interest in the following described property, situated in Rapides Parish, Louisiana:
“50.68 acres, being the West Half of the East Half of the South-West Quarter of Section Four of Township One South of Range Three West and five acres in the East Half of the West Half of the Southwest Quarter of Section Four of Township One South of Range Three West and one and 93/00 acres as described in Civil Suit Number 48,156 of the docket of this Court, * * * ”
After being appointed Administratrix as aforementioned, the said Ada Lambright Zuck, appearing in the same succession proceeding individually and as Administratrix of the’Succession, and being joined by two of her brothers, Rubm Lambright and Edwin Lambright, individually as party plaintiffs, filed a petition entitled “Petition to Collect Succession Property” against Huey P. Lambright, another one of her brothers. It was alleged therein that during the existence of the community that existed between Sallie and Elisha L. Lambright, a total of 51 acres of land was acquired and that said property remained a part of that community (with one exception described hereinafter) until the death of Sallie Lambright in 1960. It is further alleged that on October 2, 1954, the deceased father of the petitioner executed an instrument alleged to be a cash *351 sale transaction in favor of the defendant Huey P. Lambright and which was described as follows:
10 acres off the North end of the West half of the East half of the Southwest quarter of Section 4 of Township 1 South of Range 3 West.
The petition avers that the alleged sale was not a valid sale, but was in truth a simulated sale of such property from father to son in order to place the 10 acres beyond the range of the plaintiff and the other heirs of the decedent Sallie Lambright, and that no consideration was ever paid in such instrument. They contend that the instrument is a donation in disguise and an attempt to prefer the defendant over the other children and consequently is invalid under the laws of the State of Louisiana and that such instrument should be set aside as a nullity. The petition further alleges that at some time following the death of their mother, defendant caused timber on the above-referred to 10 acres as well as the remainder of the property belonging to the community between the mother and father to be cut and sold, all of which was done without the knowldege or consent of plaintiffs and that the defendant received all of the monies paid for such timber. The petition further states that on May 16, 1969, defendant Huey P. Lambright executed an oil, gas and mineral lease of the entire 51 acres described herein in favor of Placid Oil Company. Petitioners therefore pray that they are entitled to an accounting from the defendant Huey P. Lambright of his receipt and use of one-half of the funds derived by him from the timber cut and sold and from the oil lease and as such are entitled to judgment in favor of the Succession.
Defendant Huey P. Lambright filed an Exception of No Cause and No Right of Action. At the trial of the exception, the trial court, over objection, allowed defendant to introduce into evidence, various documents in connection with proceedings in Civil Docket No. 48,156 of the Records of the Ninth Judicial District Court in and for the Parish of Rapides, the sum and substance of which showed said suit to be one entitled “Graydon L. Malone v. Elisha L. Lambright” which ultimately resulted in a judgment against the defendant, Elisha, a writ of seizure being issued, and the property seized thereunder being sold at a Sheriff’s Sale on September 16, 1964 to the defendant Huey P. Lambright. The property sold to Huey P. Lambright was the whole 51 acres, five acres, and 1.93 acres referred to herein.
The trial court sustained the Exceptions of No Cause and No Right of Action as against the plaintiff Ada L. Zuck, individually, Rubin Lambright and Edwin Lam-bright, and sustained the Exception of No Cause of Action as to the plaintiff Ada L. Zuck as Administratrix, and ordered both the suit for appointment as Administratrix and the suit to collect succession property dismissed at plaintiff’s costs.
The essential issue is whether the trial court erred in considering the contents of the referred to Civil Docket No. 48,156 in connection with the Exception of No Cause of Action.
No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. CCP 931. An exception of no cause of action addresses itself to the sufficiency in law of the petition and the exhibits attached thereto and is triable on the face of the papers. Kennedy v. Perry Timber Co., 219 La. 264, 52 So.2d 847; Bartholomew v. Impastato, La.App., 12 So. 2d 700, rehearing refused, La.App., 13 So.2d 124; Elliott v. Dupuy, 242 La. 173, 135 So.2d 54. However, where the exception is filed after evidence has been taken and the allegations of the petition have been enlarged by such evidence which has been received without objection, the court can consider such evidence to determine whether the exception is well founded. Bartholomew v. Impastato, supra; Upshaw v. Great American Indemnity Co., La.App., 112 So. *352 2d 125. An exception of no cause of action must be overruled unless the allegations affirmatively establish that under no facts admissible under the allegations of the petition does the plaintiff have a cause of action, and unless the allegations exclude every reasonable hypothesis of facts other than those showing that plaintiff could not recover as a matter of law. Steagall v. Houston Fire & Cas. Ins. Co., La.App., 138 So.2d 433. The essential allegations of a petition must be treated as true when determining the issues presented by an exception of no cause of action. Elliott v. Dupuy, supra; Willis v. State, La.App. 212 So.2d 555. Evidence dehors plaintiff’s petition is not admissible on trial of an exception of no cause of action. Lumkin v. Triangle Farms, 24 So.2d 213; Willis v. State, supra.
As shown hereinabove on the trial of the exception, the trial judge allowed defendant, over plaintiff’s objection, to introduce certified copies of the proceedings contained in Civil Docket No. 48,156 of the District Court, presumably on the basis that the description of the property contained in plaintiff’s petition of which the decedent allegedly died possessed of one-half thereof, ended with the words "as described in Civil Suit Number 48,156 of the docket of this court”. In sustaining defendant’s exception of no cause of action against petitioner Ada L. Zuck, he concluded, from the documents introduced that reference to the civil suit showed that the property described had been seized and sold at Sheriff’s Sale and was purchased by defendant Huey P. Lambright, and consequently, the succession of Sallie Lambright owned no property. In so concluding, we think the trial judge erred. Whether or not the succession still owned the property is a matter which must be decided on the merits of this case. The mere reference to other proceedings in the petition, without attaching the documents thereof, does not allow the trial judge to consider them in passing on the exception of no cause of action. In the case of Hughes v. Grant Parish School Board, La.App., 145 So. 794, a school teacher sued her employer, the school board, for a certain salary based on a contract she had entered into with the board, and while her petition alleged that the contract was attached, in truth it was not. The exception was referred to the merits, and ultimately overruled. On appeal, the court said:
“Defendant, having objected to the reference to the merits of its exception of no cause for right of action, was entitled to have it passed upon before further proceedings were had. * * * the exception is based upon the terms of the written contract not set out in the petition. Though alleged to be, the written contract is not attached to the petition. As the exception, at the time it was filed, was triable on the face of the petition alone, it was correctly overruled.” (Emphasis added).
Under LSA Civil Procedure Article 3211, a succession representative shall be deemed to have possession of all property of the succession and shall enforce all obligations in its favor, and under Article 3196 thereof, in the performance of his duties, a succession representative may exercise all procedural rights available to a litigant. As is shown in the comments under Art. 3211, supra, a succession representative has the right to sue when necessary to protect the interest of the succession and to bring all types of necessary actions, which, under the jurisprudence, he is authorized to bring.
Whether the administratrix will ultimately prevail in this cause is of no moment, but she is entitled to her day in court.
Even though we conclude that the trial court erred in sustaining the exception of no cause of action as to Ada L. Zuck as Administratrix, we feel that he correctly sustained the exception of no right and no cause of action as to her'individually and as to' her two brothers, Rubin and Edwin Lambright. As individuals, they have no right to bring any action to collect succession property and for an accounting until *353 they are placed in possession of the succession’s property.
Accordingly the judgment of the trial court sustaining the exceptions of no cause and no right of action as to Ada L. Zuck, Rubin Lambright and Edwin Lambright, individually is hereby affirmed. Said judgment sustaining the exception of no cause of action as to Ada L. Zuck as Administra-trix is reversed, and this cause is remanded to the trial court for further proceedings consistent with the views herein expressed. Costs of this appeal to be paid by defendant appellee. Costs of the district court will await a final determination of the case.
Affirmed in part, reversed in part, and remanded.