HOOD, Judge.
Mrs. Ada Zuck, as administratrix of the Succession of Sallie Lambright, instituted this suit against Huey P. Lambright for judgment annulling a purported sale of a ten acre tract of land in Rapides Parish, and ordering defendant to account for revenues allegedly received by him from the sale of timber and from a mineral lease affecting a larger tract of land in which plaintiff owns an undivided interest. A summary judgment was rendered by the trial court dismissing plaintiff’s suit. Plaintiff has appealed.
This case was before us previously on appeal from a judgment of the trial court which sustained an exception of no cause of action filed by defendant. We reversed that judgment insofar as it dismissed the action filed by Mrs. Zuck, as administra-trix of the Succession of Sallie Lambright, and we remanded the case for further proceedings. See Succession of Lambright v. Lambright, 252 So.2d 349 (La.App. 3 Cir. 1971).
After the case was remanded defendant filed a motion for summary judgment, and following a hearing the trial judge rendered a summary judgment dismissing the suit. The matter is before us at this time on appeal from that judgment.
*798 Plaintiff has now abandoned her demand for an accounting of revenues received by-defendant from a mineral lease affecting the property, and she also has abandoned her demand for an accounting of timber cut and removed after September 16, 1964. Her sole remaining demands are for judgment: (1) Decreeing the purported sale of a ten acre tract of land from Elisha L. Lambright to Huey P. Lambright, dated October 2, 1954, to be null and void; (2) ordering defendant to account for monies received from timber cut and sold from a 51 acre tract of land, including the above mentioned ten acres, between April 20, 1960, and September 16, 1964; and (3) condemning defendant to pay to plaintiff one-half the amount received for such timber.
The questions to be determined on this appeal are whether plaintiff’s remaining demands are now moot, and whether there is a genuine issue of material fact as to those demands.
Most of the pertinent facts are set out in our earlier judgment (252 So.2d 349), and we refer to the opinion which we handed down at that time for a statement of some of the facts.
On and prior to October 2, 1954, the 51 acre tract of land which is described in our original opinion (actually, it comprised 50.-68 acres) was owned by Elisha L. Lam-bright, and it formed a part of the community of acquets and gains which existed between the said Elisha L. Lambright and Mrs. Sallie Lambright, both of whom are now deceased.
On October 2, 1954, Elisha L. Lambright executed a deed purporting to convey to his son, Huey P. Lambright, a ten acre tract of land, being a part of the 51 acres which at that time was owned by the seller. The ten acre tract purportedly conveyed by that deed is described in our original opinion.
Mrs. Sallie Lambright died intestate on April 20, 1960, leaving as her survivors her husband, Elisha L. Lambright, and eight children born of that marriage. We have already noted that defendant, Huey P. Lambright, was one of those surviving children. Elisha L. Lambright died about ten years later, on April 19, 1970.
The community of acquets and gains which existed between Mr. and Mrs. Elisha L. Lambright was dissolved by the death of Mrs. Lambright in 1960. Under the maxim “le mort saisit le vif,” Mrs. Lam-bright’s eight children acquired the ownership from the moment of her death of all property belonging to her estate. Her children thus became the owners of the decedent’s one-half interest in all of the property which belonged to the community at the time of her death.
Mrs. Sallie Lambright’s succession was opened several years after her death, and plaintiff, Mrs. Ada Zuck, was appointed administratrix of that succession. Shortly after that appointment was made, the ad-ministratrix (and others who are no longer plaintiffs) filed a “Petition to Collect Succession Property.” Her principal demands in that action are: (1) That the deed from Elisha L. Lambright to Huey P. Lam-bright, dated October 2, 1954, be decreed to be null and void, as being a similation or a donation in disguise; and (2) that defendant be ordered to account for monies received by him from cutting and selling timber from the 51 acre tract of land after Mrs. Lambright’s death, and that he be condemned to pay one-half that amount to plaintiff, as administratrix of the succession.
We held in our earlier opinion that plaintiff, in her capacity as administratrix of the succession, has the right to institute such a proceeding. The settled rule is that where there is an administration of the estate of a decedent, the administrator, subject to the supervision and control of the court, has actual possession of the estate’s property during the administration, with the right to enforce all obligations due the estate, even though the legal or forced heirs are vested with ownership of the sue- *799 cession property. LSA-C.C.P. arts. 3196 and 3211; Fortson v. Lake, Inc., 176 So.2d 703 (La.App. 4 Cir. 1965); Dion v. Knap, 230 So.2d 842 (La.App. 1 Cir. 1970).
We also held in that original opinion that plaintiff’s petition stated a cause of action for the annulment of the 1954 deed and for an accounting. Defendant argues here, however, that receivable evidence produced at the trial of the motion for summary judgment shows that both of those issues have now become moot, because defendant, Huey P. Lambright, has acquired the ownership of the entire 51 acre tract by another title.
The record shows that the 51 acre tract was sold at a Sheriff’s Sale on September 16, 1964, and that defendant, Huey P. Lambright, purchased that entire tract of land at that sale. Plaintiff does not attack that Sheriff’s Sale, and in her arguments here she apparently concedes that she is not entitled to require an accounting of the timber cut and sold from the property after the date of that sale. She contends, however, that she, as administratrix, is entitled to judgment ordering defendant to account for the timber which he allegedly removed from the above property between the date of Mrs. Lambright’s death (April 20, 1960) and the date of the Sheriff’s Sale (September 16, 1964), that being the period of time during which an undivided one-half interest in the property belonged to Mrs. Lambright’s estate.
Plaintiff has alleged that timber was cut and sold from the 51 acre tract. She contends that she is entitled to recover one-half the value of the timber removed from that entire tract if she succeeds in annulling the 1954 sale of ten acres, but she concedes that she can recover for timber removed from only 41 acres of land if she is unsuccessful in annulling that 1954 sale. She takes the position, therefore, that the issue presented as to the validity of the 1954 sale is not moot.
The trial judge granted defendant’s motion for a summary judgment, assigning as his reasons therefor that the issues presented are now moot, “because this same person acquired this same property at a subsequent Sheriff’s Sale.” We think the trial judge erred in reaching that conclusion.
In our opinion, plaintiff has the right to require an accounting by defendant of the timber cut and removed between April 20, 1960, and September 16, 1964, from at least 41 acres of land which allegedly belonged to the estate of Mrs. Lambright. If plaintiff succeeds in showing that the 1954 deed is void, and that the ten acre tract affected by that deed thus belonged to the community at the time of Mrs. Lambright’s death, then she also is entitled to require an accounting by defendant of the timber revenues received by him from that ten acre tract during the above mentioned four year period.
Defendant argues that plaintiff is not entitled to demand an accounting of any kind in this case, because the petition fails to contain an allegation of a “trust relationship between the plaintiff and defendant.” He contends that any claim which plaintiff may have for the value of timber which allegedly was cut and removed from the property would be a claim in tort, and that she is not entitled to demand an accounting from the alleged tort-feasor.
In support of that argument, defendant cites 1 Am.Jur.2d, Accounts and Accounting, Sec. 45, page 419, and Williams v. Humble Oil and Refining Company, 432 F.2d 165 (USCA 5 Cir. 1970). These authorities state or apply the general rule that a mere creditor, as such, has no right to compel his debtor to account in equity, in the absence of any trust relationship between them. We are aware of that line of authorities, but we find that they are not applicable here for two reasons. First, a *800 trust relationship does exist between plaintiff, as administratrix of the Succession of Sallie Lambright, and defendant, one of the heirs. And, second, the general rule, above stated, does not apply where one co-owner of property seeks an accounting from another co-owner for rents and revenues received from the property held in in-división.
 The established jurisprudence in this state is that a co-owner in possession of common property may be required to account to his co-owner, out of possession, for all rents and revenues derived from the property held in indivisión. Succession of Grubbs, 182 So.2d 203 (La.App. 2 Cir. 1965); Scott v. Hunt Oil Company, 152 So.2d 599 (La.App. 2 Cir. 1962); Huckabay v. Texas Company, 227 La. 191, 78 So.2d 829 (1955); Vance v. Sentell, 178 La. 749, 152 So. 513 (1934). Under this equitable rule, plaintiff is entitled to an accounting from defendant for timber revenues received from property belonging to the estate of Mrs. Sallie Lambright.
There is a genuine issue of material fact as to whether timber was cut and sold from any part of the 51 acre tract of land involved in this suit from 1960 to 1964. We find that plaintiff is entitled to a trial on the merits as to that issue. There also is a genuine issue of material fact as to the validity of the 1954 deed from Elisha L. Lambright to defendant. We think plaintiff is entitled to a trial on the merits as to that issue.
For the reasons herein assigned, the judgment appealed from is reversed, and judgment is hereby rendered denying defendant’s motion for a summary judgment and remanding the case to the trial court for further proceedings consistent with the views herein expressed. The costs of this appeal are assessed to defendant-appellee.
Reversed and remanded.