357 So.2d 563 (1978)
FORD MOTOR CREDIT COMPANY et al., Plaintiffs-Appellants,
v.
Jenston SOILEAU, Defendant-Appellee.
No. 6348.
Court of Appeal of Louisiana, Third Circuit.
March 7, 1978.
*564 Guy O. Mitchell, III, Ville Platte, for plaintiffs-appellants.
Preston N. Aucoin, Ville Platte, for defendant-appellee.
Before DOMENGEAUX, WATSON and GUIDRY, JJ.
DOMENGEAUX, Judge.
The present appeal is from a judgment dismissing a suit on a promissory note. This case was before us once before on a different issue in Ford Motor Credit Company v. Soileau, 323 So.2d 221 (La.App. 3rd Cir. 1975).
The following facts set the background to this appeal. In June of 1973 defendant's son, Terrell B. Soileau, purchased a 1973 Ford automobile from Elin Pitre, d/b/a Pitre Ford Company, in Evangeline Parish. A promissory note, used to finance part of the purchase price, was signed by the father, Jenston Soileau, and his son.
The note was made payable to bearer and was secured by a chattel mortgage on the automobile. Pitre Ford sold the note to the Ford Motor Credit Company.
The younger Soileau defaulted in payments on the note and Ford Motor Credit *565 Company instituted executory proceedings to have the car seized and sold. After the sale Ford Motor Credit filed these proceedings against the father, as co-maker of the note, for a deficiency judgment. The father raised the exception of no cause of action contending that he could not be sued because he was not made a party in the prior executory proceedings. This was granted by the trial court, and Ford Motor Credit appealed. This court reversed the judgment and remanded the case back to the trial court. Ford Motor Credit Company v. Soileau, supra.
After remand, but before trial, Pitre Ford Company paid the amount outstanding on the note to Ford Motor Credit, pursuant to a repurchase agreement whereby Pitre Ford would be required to buy back notes it sold to Ford Motor Credit if there was a default in payments. This transaction was revealed at trial. Defendant's counsel, with the Court's permission, immediately amended his answer in order to specially plead the defense of payment. Plaintiff's counsel, also with the Court's permission, amended his petition to join Elin Pitre, d/b/a Pitre Ford Company, as an additional plaintiff.
After the amendments[1] defendant raised the exceptions of no cause and no right of action to plaintiff's supplemental petition. He also entered a plea of estoppel. The trial judge rejected the plea of estoppel, but granted the exceptions of no right and no cause of action and dismissed the suit. It is from this judgment that plaintiffs have perfected a devolutive appeal.
The sole issue raised on appeal is whether the amended petition states a cause of action and whether Pitre, d/b/a Pitre Ford Company, is a proper party to sue and, therefore, has a right of action.
We have reviewed the record and find that the trial court erred in not overruling the exceptions.
The law in this area is clear. The purpose of the exception of no cause of action is to test the legal sufficiency of the pleadings. Well pleaded facts alleged in the petition are taken as true. If any reasonable construction of the alleged facts could lead to possible legal recovery, the exception must be overruled. Normally, evidence may not be considered for the purposes of sustaining an exception of no cause of action.[2] The exception can be sustained only when the allegations, as stated in the petition, affirmatively establish that no relief can be granted under the law. E. g., Hero Lands Company v. Texaco, Inc., 310 So.2d 93 (La.1975); Landry v. Guillory, 344 So.2d 1138 (La.App. 3rd Cir. 1977); Wahlder v. Roy O. Martin Lumber Company, Inc., 337 So.2d 669 (La.App. 3rd Cir. 1976); Guillory v. Nicklos Oil & Gas Company, 315 So.2d 878 (La.App. 3rd Cir. 1975); Succession of Lambright v. Lambright, 252 So.2d 349 (La.App. 3rd Cir. 1971), appeal after remand, 264 So.2d 796 (La.App. 3rd Cir. 1972); Bielkiewicz v. Rudisill, 201 So.2d 136 (La.App. 3rd Cir. 1967).
The purpose of the exception of no right of action is to determine if the suit is being filed by one with a legal interest in the litigation, assuming that a valid cause of action is pleaded in the petition. It is a threshold device used to terminate suit brought by a plaintiff who has no legal interest to do so. Evidence is admissable on the in limine trial of this exception for the purpose of determining the validity of the objection pleaded by it; however, the exception *566 is not to be used to urge a defense to the effect that a plaintiff is without interest simply because a defendant has a defense to plaintiff's action. E. g., Babineaux v. Pernie-Bailey Drilling Company, 261 La. 1080, 262 So.2d 328 (1972); Guillory v. Nicklos Oil & Gas Company, supra; All State Credit Plan Houma, Inc. v. Weidenbacher, 234 So.2d 774 (La.App. 1st Cir. 1970), application denied 256 La. 378, 236 So.2d 504 (1970), appeal after remand, 290 So.2d 695 (La.App. 1st Cir. 1974), writ denied 293 So.2d 193 (La.1974); Bielkiewicz v. Rudisill, supra.
The original petition in this case alleged that Ford Motor Credit was the holder of a promissory note drawn by defendant which had remained unpaid to the extent of $2,374.40. There is no question that this petition set forth a cause of action and that Ford Motor Credit had a legal interest to sue. This was our holding in the prior appeal.
The amending and supplemental petition made the following allegations and prayer for relief:

"1.
In the above entitled matter, Elin Pitre, d/b/a Pitre Ford Company, assigned the note in controversy to Ford Motor Credit with the following stipulation:

'ASSIGNMENT
'The Seller [Pitre] named on the face of this contract sells, assigns, and transfers to Ford Motor Credit Company (hereinafter called `FMCC') his, its, or their entire right, title and interest in and to the within contract and the Property described therein and authorizes FMCC to do every act and thing necessary to collect and discharge obligations arising out of or incident to said contract and assignment. In order to induce FMCC to accept assignment of the contract, the Seller warrants that: the contract, and guaranty if any, are genuine, legally valid and enforceable and arose from the sale of said Property; said Property is as represented to the Buyer named therein who was quoted both a time price and a lesser cash price; the within contract was complete in all respects and Seller made all disclosures required by law prior to the execution thereof by Buyer; the Buyer is not a minor, has capacity to contract and paid the down payment stated in the contract with his own funds; all statements made by or on behalf of the Buyer and furnished to FMCC by the Seller are true to the best of the Seller's knowledge and belief, and the Seller has no knowledge of any fact that would impair the validity or value of the contract; title to said Property is vested in the Seller free of all liens and encumbrances and the Seller has the right to assign said title; and a certificate of title to said Property showing a lien or encumbrance for the benefit of FMCC or the Seller has been or will be applied for forthwith if permitted by law.

`If there is any breach of any of the foregoing warranties, without regard to the Seller's knowledge or lack of knowledge with respect thereto or FMCC's reliance thereon, the Seller hereby agrees unconditionally to purchase said contract from FMCC, upon demand, for the full amount then unpaid whether said contract shall then be, or not be, in default. Seller further agrees that in event Buyer or any other person makes a claim against FMCC alleging facts which, if true, would constitute a breach of any of the foregoing warranties, Seller shall assume the defense of such claim and shall indemnify and save FMCC harmless from all loss, cost and expenses arising therefrom. In addition, this assignment includes the provisions of the paragraph initialed by the Seller below, provided that if none of the paragraphs below has been initialed by Seller, this assignment shall include the provisions of the paragraph below and entitled "Repurchase"'. The liability of the Seller shall not be affected by any extension, renewal or other change in the time of payment of the said contract, or any change in the manner, place or terms *567 of payment thereof, or the release, settlement or compromise of or with any party liable for payment thereof or the release or non-perfection of any security thereunder. FMCC shall not be bound to exhaust its recourse against the Buyer or any other person or any security FMCC may at any time have before being entitled to payment from the Seller hereunder. The Seller waives notice of the acceptance of this assignment and notices of non-payment and non-performance of the contract and any other notices required by law and waives all setoffs and counterclaims. This assignment shall become effective upon delivery of the within contract to FMCC or upon FMCC's payment of the purchase price therefor whichever first occurs.

* * * * * *
`[] "REPURCHASE" The Seller guaranties payment of the full amount remaining unpaid under said contract, and covenants if default be made in payment of any installment thereunder to pay the full amount then unpaid to FMCC upon demand, except as otherwise provided by the terms of the Ford Motor Credit Company Retail Plan in effect at the time this assignment is accepted. (Initialed within the box as indicated on the form.) * * *'
* * * * * *

2.
Suit was originally filed herein by Ford Motor Credit Company, which at the time suit was filed, had not received any payment on the note after default by makers, Jenston Soileau and Terrell Soileau.

3.
Subsequent to the filing of the suit, but before the trial on the merits, which was held pursuant to a remand by the Court of Appeals, on April 19, 1976, Ford Motor Credit Company was paid pursuant to the terms of the endorsement and to the finance plan existing between Elin Pitre, d/b/a Pitre Ford Company and Ford Motor Credit Company. Therefore, it appears that Elin Pitre, d/b/a Pitre Ford Company has succeeded to some or all of the causes and rights of action of Ford Motor Credit Company in the above entitled matter to the collection of the note sued upon therein.

4.
Therefore, Ford Motor Credit Company, wishes to add Elin Pitre, d/b/a Pitre Ford Company and the said Elin Pitre, d/b/a Pitre Ford Company wishes to be added as a plaintiff herein insofar as its rights have succeeded those of Ford Motor Credit Company.
WHEREFORE, PETITIONER PRAYS that after due proceedings had, there be judgment (a) in favor of Ford Motor Credit Company and against defendant, Jenston Soileau, as prayed for in the original petition, or in the alternative, (b) judgment jointly in favor of petitioners Ford Motor Credit Company and Elin Pitre, d/b/a Pitre Ford Company against defendant, Jenston Soileau as prayed for in the original petition, or (c) in the second alternative, in favor of Elin Pitre, d/b/a Pitre Ford Company against defendant, Jenston Soileau, as prayed for in the original petition. * * * [Italics by the Court]"
Looking to the original and supplemental petitions filed in this case, it is clear that Elin Pitre is seeking payment as a transferee on an overdue promissory note from one of the note's co-makers. We feel that a cause of action has been stated and that Pitre is a proper party to enforce collection of the unpaid balance of the note. It is elementary commercial law that a note can be transferred from a holder to a transferee and that the transferee has at least the same rights as the transferor. La.R.S. 7:49 (Section 49 of the Negotiable Instruments Law), replaced by La.R.S. 10:3-201 (Section 3-201 of the Uniform Commercial Code). See Liberty Loan Corporation of Eunice, Inc. v. Lavine, 324 So.2d 481 (La. App. 3rd Cir. 1975); Preferred Investment Corporation v. Denson, 251 So.2d 455 (La. App. 1st Cir. 1971). The trial court was therefore in error by granting defendant's exceptions and dismissing plaintiffs' suit.
*568 For the above reasons the judgment appealed is reversed and set aside. Judgment is hereby rendered overruling defendant's exceptions of no right and no cause of action. The case is remanded to the trial court for further proceedings in accordance with law and consistent with the views expressed herein. Costs of this appeal are to be paid by defendant-appellee. Assessment of costs in the district court is to await final judgment.
REVERSED AND REMANDED.
NOTES
[1] Plaintiff actually submitted two amending and supplemental petitions. The first amending petition (not found in the record) was filed by Pitre Ford Company. Defendant's counsel contended, inter alia, that Ford Motor Credit Company was the only party who could amend and supplement its petition. The trial court rejected this petition. A second amending petition, filed by the original plaintiff, Ford Motor Credit, cured the defect. This petition was accepted by the trial court.
[2] There are limited exceptions, as for example, when documents are attached to the petition or when the exception is filed after evidence has been taken and the allegations of the petition have been enlarged by such evidence. See Succession of Lambright v. Lambright, 252 So.2d 349 (La.App. 3rd Cir. 1971), appeal after remand, 264 So.2d 796 (La.App. 3rd Cir. 1972).