524 So.2d 769 (1988)
H.R. JACKSON, Jr., et al., Plaintiffs-Appellants,
v.
Edward James LOPEZ, Defendant-Appellee.
No. 86-1293.
Court of Appeal of Louisiana, Third Circuit.
February 3, 1988.
Writ Denied March 25, 1988.
*770 Leon S. Haas, Jr., and Alfred Octave Pavy, Opelousas, for plaintiffs-appellants.
Edward James Lopez, Opelousas, pro se.
Before DOMENGEAUX, C.J., and FORET and DOUCET, JJ.
FORET, Judge.
This is a suit filed by H.R. Jackson, Jr., Jean Craig, Evelyn Michalk, and Robert Eugene Stidham, heirs of Helen Lola Jackson, seeking to set aside a sale made by Mrs. Jackson approximately one year prior to her death.
On November 11, 1981, Helen Lola Jackson sold to Edward James Lopez, a tract of land consisting of approximately 190 acres situated in St. Landry Parish, less and except 59 acres, more or less, previously conveyed by Mrs. Jackson to the State of Louisiana. On November 18, 1982, Mrs. Jackson died intestate and, shortly after her death, the above mentioned lawsuit was filed by H.R. Jackson, Jr., Jean Craig, and Evelyn Michalk. Robert Eugene Stidham was added as a plaintiff by a subsequent amendment to the petition. After filing suit against Edward James Lopez, H.R. Jackson, Jr., Jean Craig and Evelyn Michalk filed a petition for appointment of Leon S. Haas, Jr. and Alfred Octave Pavy as joint administrators of the succession of Helen Lola Jackson. On February 23, 1983, Guy Andrew Stidham and Robert Eugene Stidham filed a petition asking that they be appointed joint administrators of Mrs. Jackson's estate. On that same date, H.R. Jackson, Jr., Jean Craig, and Evelyn Michalk filed another petition for appointment of administrator and/or administratrix, asking that Jean Craig be appointed as administratrix of Mrs. Jackson's succession. Thereafter, the parties agreed upon the appointment of James T. Genovese as provisional administrator of the succession, a position he continued to hold as of the filing of this appeal.
Subsequent to Genovese's appointment as administrator, a petition was filed by H.R. Jackson, Jr., Jean Craig and Evelyn Michalk (this being done prior to the addition of Robert Eugene Stidham as plaintiff) requesting that the administrator, James T. Genovese, be ordered to join the lawsuit filed by these parties against Edward James Lopez. The trial court denied this request. Thereafter, on May 14, 1986, an exception of no right of action and motion to dismiss was filed by Edward James Lopez, in proper person, challenging the right of appellants to file suit while the succession is under administration. The trial court observed that the succession was under administration and held that only the succession representative could sue to enforce rights due the succession as long as the succession is under administration. Accordingly, the trial court sustained the exception of no right of action and further ordered that the lawsuit be dismissed in view of the fact that the grounds for the exception could not be removed or cured. Plaintiffs appealed.
The sole issue presented on appeal is whether or not the heirs to a succession can bring suit to annul a sale made by the decedent while the succession is under administration. For the reasons hereinafter set forth, we affirm the ruling of the trial court.
Art. 685 of the La.Code of Civil Procedure states as follows:
"Except as otherwise provided by law, the succession representative appointed by a court of this state is the proper *771 plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed."
Additionally, Art. 3211 of the La.Code of Civil Procedure states, in part, that the succession representative shall "have possession of all property of the succession and shall enforce all obligations in its favor." Neither of these articles provides for or establishes the right of an heir or legatee to enforce any rights of the succession while the succession is under administration and there are no other statutes or provisions of Louisiana law providing for such right. As for the jurisprudence, in Rogers v. Read, 355 So.2d 46 (La.App. 2 Cir.1978), the court held that the right to institute an action to rescind a sale for lesion can only be asserted by the administrator of the succession while the succession is under administration. Similarly, in Succession of Lambright v. Lambright, 252 So.2d 349 (La.App. 3 Cir.1971), the court held that until the heirs are placed into possession, the succession representative, alone, may institute an action to collect succession property. We therefore find that the jurisprudence completely supports the statutory law in reference to this issue and hold that appellants have no right of action to enforce a right of the succession while the succession of Helen Lola Jackson is under administration.
We will now discuss briefly the arguments made by appellants herein in support of their position. Firstly, appellants contend that an exception of no right of action should not be sustained when the allegations of the petition set forth a right of action as to any portion of the plaintiffs' demand and, as authority for this position, cite the case of Cenac Towing Co. v. Cenac, 413 So.2d 1351 (La.App. 1 Cir.1982). Even assuming this to be a correct statement of the law, it is clear that such an argument is not dispositive of the issue at hand. It is well established that an exception of no right of action directs itself to the question of whether or not a plaintiff has the right to assert the cause of action. Insofar as the petition filed by appellants is concerned, each and every cause of action set forth therein can only be asserted by the succession representative until he is discharged from his duties and, therefore, the appellants in this case had no right of action as to any and all claims made in their lawsuit.
Appellants also contend that Lambright, cited above, is authority for the position that appellant, Robert Eugene Stidham, has a right of action in this case in view of the fact that he has been placed in possession of his portion of the succession of Helen Lola Jackson. The court in Lambright did state, quite correctly, that the heirs of a succession had no right to bring any action to collect succession property until such time as they were placed in possession of succession property. However, appellants' reliance on Lambright is misplaced. We disagree with plaintiffs' interpretation of Lambright. We do not believe that Lambright meant that where one of a number of heirs has been placed in possession of his share of the succession, that heir can start filing lawsuits on behalf of the succession when there is an administrator of the said succession in place. To so hold would clearly defeat the spirit and intent of C.C.P. art. 685, which is to provide for orderly administration of successions by allowing only the succession representative to enforce rights of the succession as long as the succession is under administration. We therefore find that until such time as the administrator is discharged, the succession representative, alone, may enforce rights of the succession, by suit or otherwise. See also C.C.P. arts. 3198, 3211, 3221, and 3223-3228; Official Comments to Art. 685.
For the foregoing reasons, the judgment of the trial court is affirmed, and all costs of this appeal are assessed against appellants, H.R. Jackson, Jr., Jean Craig, Evelyn Michalk, and Robert Eugene Stidham.
AFFIRMED.