FRED W. JONES, Jr., Judge.
In these consolidated appeals, plaintiff, Elizabeth Smith Collins, in her capacity as administratrix of the Succession of Jo Anne Fuller, appealed from the judgments of the trial court sustaining the exceptions of no right of action filed by the defendant, Wade R. Baggette, in his capacity as the administrator of the Succession of Helen Smith Fuller, in the separate actions by plaintiff to obtain possession of the assets of the Succession of Helen Smith Fuller.
For the reasons stated below, the judgments of the trial court are reversed and the matter is remanded for further action consistent with the views expressed herein.
This matter has been before this court on a previous occasion. See Succession of Fuller, 480 So.2d 754 (La.App. 2d Cir.1985), writ granted, reversed and vacated, 482 So.2d 619 (La.1986).

Factual Context

Helen Smith Fuller died intestate on May 11, 1976, survived by her daughter and only heir Jo Anne Fuller. Jo Anne Fuller managed the various properties in the estate but never opened her mother’s succession or formally accepted it.
On January 10,1984, Jo Anne Fuller died intestate leaving as her only heirs one maternal aunt, Elizabeth Smith Collins and two paternal aunts, Clara Fuller Tobin and Annie May Fuller Anderson. It appears from the record that Clara Tobin died in 1985, leaving George Edward Wiggers, Eloise Fuller Wiggers, Nancy Wiggers Bag-gette and Wade R. Baggette as her universal legatees.
Plaintiff, the aunt of Jo Anne Fuller and sister of Helen Smith Fuller, was appointed administratrix of the Succession of Jo Anne Fuller. Defendant, Wade Baggette, was appointed administrator of the Succession of Helen Smith Fuller, which appointment was affirmed in Succession of Fuller, supra. This court held in that case that there was no prohibition to the existence of separate administrations in the two successions.
On April 22, 1986, plaintiff, in her capacity as the administratrix of the Succession of Jo Anne Fuller, (hereinafter referred to as “Jo Anne’s succession”) filed a Petition for Possession in the Succession of Helen Smith Fuller (hereinafter referred to as “Helen’s succession”). Plaintiff asserted that all of the assets of Helen’s succession would, upon a judgment of possession, become the assets of Jo Anne’s succession as Jo Anne was Helen’s only heir. Plaintiff alleged that Helen’s succession was relatively free from debt and that no tableau of debts and/or final distribution had been filed therein by the administrator. As the administratrix of Jo Anne’s succession, plaintiff accepted unconditionally the assets and liabilities of Helen’s succession. Plaintiff further alleged that the assets of Helen’s succession were needed to pay debts owed by Jo Anne’s succession and that there was no need for further administration of Helen’s succession. Plaintiff prayed to be placed in possession of the assets of Helen’s succession and upon the filing of a final account accepted by the court, that defendant be discharged as administrator.
In response, defendant filed a peremptory exception of no right of action alleging that plaintiff in her capacity as administra-trix of Jo Anne’s succession had no right of action to petition for possession or to be placed in possession of property belonging to Helen’s succession. Defendant asserted that this court in Succession of Fuller, supra, had held that Jo Anne’s succession was not an heir of Helen’s succession but rather Clara Tobin, Annie Anderson and plaintiff individually were the heirs of Helen. Defendant argued that, therefore, upon Jo Anne’s and Clara Tobin’s death, the heirs of Helen’s succession were Annie Anderson, George Wiggers, Eloise Wig-gers, Nancy Baggette, Wade Baggette and plaintiff in her individual capacity. Defendant noted that La.C.C.P. Articles 3001 and 3004 require that all the heirs of an intestate must accept the succession uncon *880 ditionally as a pre-condition to a sending into possession. Thus, as plaintiff in her capacity as administratrix of Jo Anne’s succession was not the sole heir of Helen’s succession, she could not petition for or be placed in possession. Defendant contended that all of Helen’s heirs must unconditionally accept Helen’s succession before there could be a sending into possession and only these heirs and legatees had a right of action to petition for or be placed in possession.
Defendant further argued that under La. C.C. Articles 944 and 945, Jo Anne’s succession had no seizin or any right to take possession of the assets belonging to Helen’s succession because seizin to Helen’s succession passed to Jo Anne’s heirs upon her death. Therefore, plaintiff as Jo Anne’s administratrix had no real or actual interest to be asserted against Helen’s succession for inheritance rights.
After a hearing on July 5, 1988, the trial court sustained the defendant’s exception finding that plaintiff had no right of action to petition for or be placed in possession in her representative capacity. The court gave plaintiff 15 days within which to amend her petition. The plaintiff did not amend and this first appeal followed.
On August 5, 1988, plaintiff filed, in her capacity as Jo Anne’s administratrix, a Petition to Collect Succession Property. Plaintiff again asserted that all the assets of Helen’s succession were assets of Jo Anne’s succession. Plaintiff contended that as the duly authorized administratrix of Jo Anne’s succession, she had the legal - obligation to collect the assets of that succession and thus the corollary right to maintain the action under La.C.C.P. Article 3191. The allegations of this petition were substantially the same as those contained in the first petition and' plaintiff again prayed for possession of Helen’s succession assets.
In response to the second petition, defendant filed a declinatory exception of lis pendens and peremptory exceptions of res judicata and no right of action. Defendant essentially argued that plaintiff demanded the same thing in both petitions and that re-litigation of the matter was barred by the effect of lis pendens and/or res judica-ta. Defendant asserted that plaintiff in her representative capacity had no right of action to collect property belonging to Helen’s succession during its administration for the same reasons set forth in his original exception.
After a hearing on the exceptions, the trial court maintained its previous ruling and sustained the defendant’s exception of no right of action finding that the position or status of the parties had not significantly changed by the rewording of the petition. From this judgment, plaintiff instituted a second appeal. On the motion of the plaintiff, this court consolidated the two appeals.

Issue on Appeal

The primary issue on appeal is whether plaintiff, in her capacity as the administra-trix of Jo Anne’s succession, has a right of action to obtain possession of the assets of Helen’s succession which is under administration.

Legal Principles

La.C.C.P. Article 681 provides that:
(e)xcept as otherwise provided by law, an action can be brought only by a person having a real and actual interest which he asserts.
La.C.C.P. Article 927 provides, in pertinent part, as follows:
The objections which may be raised through the peremptory exception include ... the following:
(5) No right of action, or no interest in the plaintiff to institute the suit.
An exception of no right of action raises the question of whether a remedy afforded by law can be invoked by the plaintiff and determines if the plaintiff has a right or legal interest in the subject matter of the suit. The question becomes whether this particular plaintiff belongs to the class of persons to whom the law grants a remedy for the particular harm alleged. The sole purpose of the exception is to challenge the plaintiff’s interest in the subject matter of the suit or his legal capacity to proceed with the suit. See Babineaux v. Pernie- *881 Bailey Drilling Co., 261 La. 1080, 262 So.2d 328 (1972); Harris v. Steele, 506 So.2d 542 (La.App. 1st Cir.1987), writ denied, 511 So.2d 1155 (La.1987); Emond v. Tyler Building and Construction Company, Inc., 438 So.2d 681 (La.App. 2d Cir. 1983), and Marquis v. Cantu, 371 So.2d 1292 (La.App. 3d Cir.1979).
With respect to the general functions, powers and duties of a succession representative, La.C.C.P. Article 3191 provides, in pertinent part, as follows:
A succession representative is a fiduciary with respect to the succession, and shall have the duty of collecting, preserving, and managing the property of the succession in accordance with law. He shall act at all times as a prudent administrator, and shall be personally responsible for all damages resulting from his failure so to act.
The succession representative has the duty to repair, maintain and protect the succession property. La.C.C.P. Article 3221. La.C.C.P. Article 3211 provides that a succession representative is deemed to have possession of all property of the succession and shall enforce all obligations in its favor.
In the performance of his duties, the succession representative may exercise all procedural rights available to a litigant. La.C.C.P. Article 3196.
La.C.C.P. Article 685 provides as follows:
Except as otherwise provided by law, the succession representative appointed by a court of this state is the proper plaintiff to sue to enforce a right of the deceased or of his succession, while the latter is under administration. The heirs or legatees of the deceased, whether present or represented in the state or not, need not be joined as parties, whether the action is personal, real, or mixed.
Further, La.C.C.P. Article 3198 provides that:
A succession representative may:
1) Effect a compromise of an action or right of action by or against the succession; or
2) Extend, renew, or in any manner modify the terms of any obligation owed by or to the succession.
Any action taken under this article must be approved by the court after notice as provided by Article 3229.
It is the duty of the succession representative to close the succession as soon as advisable. La.C.C.P. Article 3197.
A succession representative is a fiduciary. The representative owes his duties to the legatees, creditors and heirs. The purpose of an administration of a succession is the payment of debts and all powers of the administrator are incidental to that purpose. During the administration, the succession representative might be required to do those things which an owner can normally do. Hamilton v. McKee, 371 So.2d 1115 (La.1979); Smith v. Williams, 535 So.2d 959 (La.App. 2d Cir.1988); Succession of Mangle, 452 So.2d 197 (La.App. 3d Cir.1984), writ denied, 452 So.2d 1176 (La. 1984), and Succession of Hearn, 412 So.2d 692 (La.App. 2d Cir.1982).
It is well-settled in the jurisprudence that the succession representative has the duty to collect all property of the succession. He has the further duty to preserve and manage the succession property as a prudent administrator. Succession of Skye, 417 So.2d 1221 (La.App. 3d Cir.1982), writ not considered, 422 So.2d 161 (La.1982), writ denied, 422 So.2d 165 (La.1982); Langendorf v. Administrators of Tulane Education Fund, 361 So.2d 905 (La.App. 4th Cir.1978), writ denied, 363 So.2d 1384 (La. 1978) and 364 So.2d 120 (La.1978), and Thorn v. Whitney National Bank of New Orleans, 326 So.2d 606 (La.App. 4th Cir. 1976).
Under La.C.C.P. Article 3211, he has the right to obtain possession of the succession assets in accordance with law. The succession representative is entitled to possession of the real property belonging to the estate and to enforce that right of possession even as against forced heirs. Estate of Rice v. Deville, 240 So.2d 379 (La.App. 3d Cir.1970), and Simpson v. Colvin, 138 So.2d 438 (La.App. 3d Cir.1962). See also *882 Succession of Armentor, 426 So.2d 1366 (La.App. 3d Cir.1983).
Where there is an administration of the estate of the decedent, the settled rule is that the administrator has the actual possession of the estate’s property during the administration with the right to enforce all obligations due to the estate even though the legal or forced heirs are vested with ownership of the succession property. There is no statutory authority which provides for or establishes the right of an heir or legatee to enforce any rights of the succession while the succession is under administration. Until the heirs are placed in possession, only the succession representative may institute an action to collect succession property. By allowing only the succession representative to enforce rights of the succession as long as the succession is under administration, it is the intent of the codal provisions to provide for orderly administration of successions and to prevent a multiplicity of suits which could result if individual heirs were allowed to prosecute claims on behalf of the estate. See Jackson v. Lopez, 524 So.2d 769 (La. App. 3d Cir.1988), writ denied, 525 So.2d 1044 (La.1988); Rogers v. Read, 355 So.2d 46 (La.App. 2d Cir.1978); Succession of Lambright v. Lambright, 264 So.2d 796 (La.App. 3d Cir.1972) and 252 So.2d 349 (La.App. 3d Cir.1971), and Browne v. Witten, 153 So.2d 184 (La.App. 2d Cir.1963), writ refused, 244 La. 1002, 156 So.2d 56 (1963).
With respect to seizin, La.C.C. Articles 944 and 945 provide as follows:
Article 944. The heir being considered as having succeeded to the deceased from the instant of his death, the first effect of this right is that the heir transmits the succession to his own heirs, with the right of accepting or renouncing, although he himself have not accepted it, and even in case he was ignorant that the succession was opened in his favor.
Article 945. The second effect of this right is to authorize the heir to institute all the actions, even possessory ones, which the deceased had a right to institute, and to prosecute those already commenced. For the heir, in every thing, represents the deceased, and is of full right in his place as well for his rights as his obligations.
The maxim “le mort saisit le vif” has been recognized in Louisiana law since 1825. Under this maxim, the heir, or in the absence of a forced heir, the universal legatee acquires seizin and ownership of right from the moment of the decedent’s death.
It has been held that, pursuant to La.C. C.P. Article 3211, the administrator of an intestate succession has full seizin and possession of all property belonging to an estate. The actual seizin of an executor or administrator is something distinct from and paramount to the fictitious seizin which is vested in the heir immediately upon the death of the ancestor. Where there is an administration of the estate of the decedent, the law gives to the administrator or executor, subject to the supervision and control of the court, the actual possession of the property belonging to the estate during the administration of the succession, although the legal heirs or universal legatees may have the ownership, or the legal or civil possession of such property. The administrator or executor acquires seizin in fact while the heirs or universal legatee acquires seizin of right. Baten v. Taylor, 386 So.2d 333 (La.1979); Simpson v. Colvin, supra, and Fortson v. Lake, Inc., 176 So.2d 703 (La.App. 4th Cir.1965).

No Right of Action

The narrow issue presented in this case is a novel one, that is, where one of the assets of a succession is a right of inheritance from a predeceased person whose estate is under administration, who has the right to petition for possession, the administrator or heirs?
Although there are two separate petitions and appeals, the relief sought by both is identical, that is, for possession of the assets of Helen’s succession by means of an unconditional acceptance. Therefore, we consider in general the plaintiff’s right of action for possession of the succession’s assets.
Despite the absence of any specific statutory or jurisprudential authority, we find *883 that an administrator has this right of action under the broad scope of authority-assigned him under the Civil Code and Code of Civil Procedure.
As noted above, the succession representative is deemed to be in actual possession of all property of the succession and has the right, duty and obligation to collect those assets and to administer them for the benefit of the creditors, heirs and legatees. The orderly administration of a succession is dependent upon the authority of a succession representative to administer the assets without the unnecessary and perhaps arbitrary interference from the heirs and legatees. If the heirs or legatees of Jo Anne’s succession were vested with the power to control the progress of Helen’s succession, then the intent and purpose of the administration would be thwarted and Jo Anne’s lawful creditors might be prejudiced. Further, if such control was vested in the heirs or legatees, then the conflict between these parties would result in both successions continuing under indefinite administration with no specific purpose.
Accordingly, we hold that during the administration of Jo Anne’s succession, plaintiff in her representative capacity, has the exclusive right to collect any succession assets remaining in Helen’s succession by the exercise of any procedural rights or remedies which would ordinarily be available to the heirs of Helen’s succession. As one of these procedural remedies is the right to petition for simple possession, then plaintiff does have the legal right to pursue that remedy. Plaintiff effectively represents all of the heirs and legatees in Jo Anne’s succession with regard to their rights in Helen’s succession and can thus pursue any remedy which would ordinarily require the unanimous consent of all of the heirs and legatees.
Defendant’s argument that, after Jo Anne’s death the heirs of Jo Anne became the heirs of Helen is without merit. This court specifically found in Succession of Fuller, supra, that after Jo Anne’s death, Clara Tobin, Annie Anderson and plaintiff, in her individual capacity, became her heirs and inherited from Jo Anne their portion of Jo Anne’s property, i.e., property inherited from Helen. Anderson, Tobin and plaintiff are Jo Anne’s heirs and with respect to Helen, they are “heirs of an heir ”. As they are merely “heirs of an heir”, they do not inherit directly from Helen’s succession and their rights are subject to the administration of Jo Anne’s succession.
Defendant further argues that as Tobin, Anderson and plaintiff, in her individual capacity, are the heirs of Helen, and Jo Anne’s succession is not the sole heir, then La.C.C.P. Articles 3001 and 3004 require that all of the heirs accept the succession unconditionally as a pre-condition to a sending into possession. This argument is also without merit.
As discussed earlier, during the penden-cy of Jo Anne’s administration, plaintiff has the right of possession of the assets of Jo Anne’s succession and through that right of possession effectively represents all of the heirs and legatees in regard to their interest in Helen’s succession. Thus, plaintiff’s actions are tantamount to the unanimous actions of Helen’s heirs.
The effect of the defendant’s line of reasoning would allow the heirs and legatees to take direct possession of Helen’s assets, thereby circumventing Jo Anne’s succession entirely to the prejudice of her creditors. Clearly this would not be a desirable result and would violate the intent and purpose of the administration.
Defendant further asserts that seizin of Helen’s succession passed to Jo Anne’s heirs upon her death and that Jo Anne’s succession has no seizin or any right whatsoever to take possession of assets belonging to Helen’s succession. Therefore, plaintiff has no real or actual interest to be asserted against Helen’s succession for any inheritance rights. This argument fails to distinguish between fictitious seizin and actual seizin.
It is well-settled that the administrator has the actual possession of the estate’s property during its administration with the right to enforce all obligations due to the estate even though the heirs are vested with ownership of the succession property. The administrator has the actual seizin which is distinct from and paramount to the fictitious seizin vested in the heir. *884 Thus, while the heirs of Jo Anne have fictitious seizin, it is the plaintiff who has the actual seizin or possession of the succession property and as such, the only party who may enforce the obligations due to Jo Anne’s estate.
We thus find that plaintiff does have a right of action to petition for possession of the assets of Helen’s succession. However, we note that there is nothing in the record to indicate that plaintiff has obtained court approval for this proposed action.
As set forth in the comments following La.C.C.P. Article 3362, the petition for possession prior to the homologation of the final tableau of distribution is considered to be a simple acceptance of the succession, thereby subjecting the heirs and legatees to liability for the debts of the succession. Although that liability for debts may be limited to the value of the assets pursuant to La.R.S. 9:1421, it is still the incurrence of debt on the part of Jo Anne’s succession. In general, the succession representative must obtain court approval prior to incurring debt for the succession. La.C.C.P. Articles 3198 and 3228. Therefore, we find that prior to unconditionally accepting Helen’s succession by petitioning for possession, plaintiff should obtain court approval of such action by filing the appropriate petition in Jo Anne’s succession. As such court approval must be obtained in compliance with La.C.C.P. Article 3229, the heirs and legatees can oppose the petition and have the opportunity to present contradictory arguments to the court.

Res Judicata and Lis Pendens

Having found that the plaintiff has a right of action to petition for possession in both appeals, the exceptions of res judicata and lis pendens are moot and need not be considered by this court.

Failure to Brief

Defendant argues that plaintiff’s first appeal should be dismissed as plaintiff abandoned the appeal by the conduct of her attorney and the failure to brief the exception of no right of action which formed the basis of the first judgment. Defendant argues that plaintiff’s second appeal should also be dismissed due to the plaintiff’s failure to brief the exception of no right of action which was the sole basis of the second judgment. Defendant asserts that plaintiff only addressed the exceptions of lis pendens and res judicata in her single brief for both appeals.
In reviewing the plaintiff’s original brief, we find that while the issue of no right of action was not specifically set forth as a separate argument, it was briefed and the court was referred to certain jurisprudence addressing that issue. Further, the plaintiff filed a reply brief which did clarify plaintiff’s arguments and clearly evidenced plaintiff’s intent to reserve that issue. Conclusion
For the foregoing reasons, the judgments of the trial court sustaining the exceptions of no right of action filed by the defendant, Wade R. Baggette, in his capacity as administrator of the Succession of Helen Smith Fuller, are REVERSED; the exceptions are overruled; and this matter is REMANDED to the trial court for further proceedings consistent with the views expressed in this opinion.
Costs of appeal are assessed to defendant-appellee.