651 So.2d 939 (1995)
Elexson ELLIAS, Jr., Plaintiff-Appellant,
v.
Elexson ELLIAS, Sr., Defendant-Appellee.
No. 94-1049.
Court of Appeal of Louisiana, Third Circuit.
March 1, 1995.
*940 Michael E. Roach, James Gaharan Jr., Lake Charles, for Elexson Ellias Jr.
William M. Ford, Alexandria, for Elexson Ellias Sr.
Before YELVERTON, THIBODEAUX and DECUIR, JJ.
YELVERTON, Judge.
This appeal concerns the applicable prescriptive period on an action arising out of a suit by a son against his father claiming that his father owed him money from the sale of some property that the two owned. The trial court dismissed the son's suit against his father's succession finding that it was a conversion action and the action had prescribed pursuant to the one-year liberative prescriptive period. We reverse, finding that the action was a personal one subject to the prescription of ten years.

*941 FACTS
On July 21, 1980, Ethel Ellias died intestate. She was survived by her husband Elexson Ellias, Sr. and her son Elexson Ellias, Jr. On October 10, 1980, Ellias Senior remarried. On January 28, 1983, Ellias Senior, Ellias Junior and his wife and Ellias Enterprises, Inc., sold some real estate which included their two residences and some mobile homes along with several vehicles. The total price paid for this property was $1,200,000. One million dollars was paid in cash and $200,000 was in the form of a promissory note which was paid in full by the time the present action was filed.
Ellias Junior sued his father on August 25, 1989 asking for an accounting as of the date the usufruct terminated (October 10, 1980). Ellias Senior died on May 25, 1990 and his surviving wife, Evelyn Ellias, was substituted as the defendant in her capacity as administratrix of the succession. Ellias Junior later amended his petition claiming that he was owner of $761,250 of the proceeds from the sale in 1983 and that he received payments totalling only $405,415.34. He claimed that he was entitled to the difference, $345,430.50, which also took into account his pro-rata share of brokerage commissions paid on the sale.
The administratrix filed exceptions of prescription of one, three and five years, and an exception of nonjoinder of two necessary and indispensable parties, Ellias Junior's wife at the time of the sale and Ellias Enterprises, Inc. After a hearing on January 31, 1994, the trial court found that this was an action for conversion and thus the one-year prescriptive period applied. The judge maintained the exception of prescription. A judgment dismissing the suit was signed on February 4, 1994. Ellias Junior filed a motion for new trial which was denied on May 10, 1994. Ellias Junior appealed.

RIGHT TO APPEAL
It has been brought to our attention that Ellias Junior appealed the judgment denying the motion for new trial signed on May 10, 1994, instead of the judgment deciding the merits of the case signed on February 4, 1994. Although no motion to dismiss has been filed, we will discuss this matter because an appellate court may dismiss an appeal on its own motion where there is no right to appeal. La.Code Civ.P. art. 2162. Norbert v. Norbert, 419 So.2d 1247 (La.App. 3d Cir.1982). There is no right to appeal a judgment denying a new trial. Shavers v. Shavers, 350 So.2d 912 (La.App. 3rd Cir. 1977).
It is evident from Ellias Junior's brief that he intended to appeal the final judgment signed on February 4, 1994, as his brief addresses only issues concerning the merits of the final judgment. The jurisprudence is well settled that where a motion for appeal refers by date to the judgment denying a motion for new trial, but the circumstances indicate that the appellant actually intended to appeal from the final judgment on the merits, the appeal should be maintained as being taken from the judgment on the merits. Cole v. Belknap, Inc., 495 So.2d 434 (La.App. 3d Cir.1986); DOTD v. Estate of Summers, 527 So.2d 1099 (La.App. 1st Cir. 1988). It is our ruling that Ellias Junior's appeal is maintained.

PRESCRIPTION
The principal issue is whether the one-year prescriptive period for conversion should apply, or the ten-year prescriptive period for a personal action under La.Civ.Code art. 3499 should apply. Ellias Junior claims that this is a personal action suit for an accounting of the money left in his father's possession after the sale of the property. Therefore, it is pertinent to the outcome of the case that we determine what the relationship between the parties was.
Ellias Junior is asking for an accounting of money received from the sale of real estate. At the time the real estate was sold in 1983, Ellias Senior's usufruct over Ellias Junior's share he inherited from his mother had terminated pursuant to La.Civ.Code art. 890. The usufruct terminated when Ellias Senior remarried in 1980. Upon termination of the usufruct full ownership was restored to the naked owner, Ellias Junior. La.Civ. Code art. 628. At that moment Ellias Senior and Ellias Junior became co-owners of the *942 property. Succession of Grubbs, 182 So.2d 203 (La.App. 2d Cir.1965).
When the 1983 sale occurred, the relationship between Ellias Senior and Ellias Junior was that of co-owners. We must therefore examine what right one co-owner has against another for a claim for his share of the revenue from the sale of co-owned property. The law as it existed at the time of the sale was that a co-owner in possession of common property may be required to account to a co-owner out of possession for all rents and revenues derived from the property held in indivision. Succession of Lambright v. Lambright, 264 So.2d 796 (La.App. 3d Cir.1972).
Ellias Junior alleged in his petition for accounting that Ellias Senior was in possession of the property and managed it after the usufruct terminated. As stated in Succession of Grubbs, 182 So.2d at 206-207, the demand here with which we are concerned relates to the duty and obligation of a father as a joint owner of property with his son to account to the son for revenues received from the co-owned property. Such accounting was a personal obligation. As such a personal action is governed by a ten-year prescriptive period. La.Civ.Code art. 3499. The trial court erred in maintaining the exception of prescription since this action was filed in 1989 and the sale took place in 1983.

INDISPENSABLE AND NECESSARY PARTIES
The administratrix also raised an exception for failure to join indispensable and necessary parties. Namely, she claims Ellias Junior's former wife, Patricia Cook Ellias, and Ellias Enterprises, Inc., should be joined since they were among the vendors of the sale in question. This issue was never addressed by the trial court since it granted the exception of prescription.
Indispensable parties are those whose interests in the subject matter are so interrelated, and would be so directly affected by the judgment, that a complete and equitable adjudication of the controversy cannot be made unless they are joined in the action. La.Code Civ.P. art. 641. Necessary parties are those whose interests in the subject matter are separable and would not be directly affected by the judgment if they were not before the court, but whose joinder would be necessary for a complete adjudication of the controversy. La.Code Civ.P. art. 642.
In the present case Ellias Junior has filed suit to recover his share of the revenues from the sale of the real estate. Although his ex-wife and Ellias Enterprises may also have a claim to some of the revenues retained by Ellias Senior, a determination can still be made of Ellias Junior's share of the revenues, if any, without the interest of his ex-wife or Ellias Enterprises being adjudicated. The issue of their right to the revenues would not directly affect the issue of Ellias Junior's right to the revenues. Therefore, we find that they are only necessary parties to the action for a complete adjudication of all parties' rights to the revenues received from the sale of the real estate. See, Hayward v. Noel, 225 So.2d 638 (La.App. 1st Cir.), writ refused, 227 So.2d 595 (La.1969).
An adjudication of an action may be made even if all necessary parties are not joined therein, but when timely objection is made to the nonjoinder of a necessary party the court shall require his joinder if he is subject to its jurisdiction. La.Code Civ.P. art. 642. When the failure to join a necessary party is pleaded successfully, the court shall permit an amendment of the petition to join him. La. Code Civ.P. art. 646. Therefore, on remand Ellias Junior will be allowed to amend his petition to join these necessary parties if they are subject to the jurisdiction of the trial court.
Accordingly, the judgment of the trial court is reversed. The exception of prescription is overruled and the exception for failure to join a necessary party is maintained. The matter is remanded for further proceedings.
Costs of the appeal are taxed against Evelyn Ellias, in her capacity as Administratrix of the Estate of Elexson Ellias, Sr. All other costs are to be assessed following a trial on the merits.
REVERSED AND REMANDED.